In the Matter of the Application of PEOPLES GAS AND ELECTRIC COMPANY OF OSWEGO for a Certiorari Order to Review Directed to the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK in re Prices Charged by Said Company for Electricity.

Supreme Court, Albany Special Term, December, 1923 (Received January, 1924).

Certiorari — stay — Public Service Commission Law, section 23(2) — when court granting certiorari order pursuant to Civil Practice Act, article 78, may grant stay — motion for stay of order of public service commission reducing lighting and power rates granted where evidence disclosed relator would suffer irreparable damage pending determination of appeal — relator required to give bond.

Section 23(2) of the Public Service Commission Law, which provides that " no order staying or suspending an order of the commission fixing any rate   *   *   * shall be made by the Supreme Court otherwise than upon notice and after hearing," etc., does not mean that the court which grants a certiorari order pursuant to article 78 of the Civil Practice Act should grant a stay only after another trial.

The legislature undoubtedly intended that there must be evidence submitted to the court by the relator showing that if the relator's contention be upheld by the Appellate Division great and irreparable damage, specifying its nature, would result to relator; had the legislature intended that there could be no suspension of rates under a certiorari order it would have so provided.

Where from evidence disclosed, not only in relator's petition for a stay but also in the decision of the public service commission, it is made to appear that in the event of the reversal of the decision and order of the public service commission reducing relator's charge to the city of Oswego for incandescent and arc lighting, etc., from nine to seven cents per kilowatt hour, there would be a loss to relator

in the meantime of substantially a stated sum per month, and that relator would suffer great and irreparable damages as the result of the decision of the commission, a motion for a stay pending the determination of an appeal from the decision and order of the public service commission will be granted, relator to give an undertaking in the sum of $40,000, approved by the court, conditioned as herein indicated.

APPLICATION by the relator for a stay pending the argument of an appeal taken from the order of the public service commission, second district, made July 13, 1923, reducing the price charged to the public for incandescent and arc lighting, etc.

*Mizen & Mizen (Neile F. Towner, of counsel), for motion.*

*Charles G. Blakeslee,* counsel for Public Service Commission, opposed.

NICHOLS, J. The city of Oswego made a complaint to the public service commission of the second district as to the reasonableness of rates charged by the relator for electric current. After a trial had on the 13th day of July, 1923, the commission made an order reducing the price charged per kilowatt hour for lighting and power motors of three horsepower or less, from nine to seven cents per kilowatt hour. This rate was to take effect August 1, 1923, and such reduced rate has been in force since that date. Afterwards the relator petitioned for a rehearing which was granted and a hearing was held December 4, 1923. Afterwards, on December 19, 1923, the commission made an order reaffirming the first order. On November 10, 1923, a certiorari order was granted on the petition of the Peoples Gas and Electric Company of Oswego to review the determination made July 13, 1923. On December 4, 1923, the said relator obtained a show cause order for this Special Term why the enforcement of the order of July 13, 1923, should not be stayed, and that the relator from the date of the granting of such stay be permitted to charge the rates for electricity in force prior to August 4, 1923, upon such terms as the court might impose, pending the determination by the Appellate Division of the third judicial department of the proceedings pending herein.

Subsequently to the hearing of this motion the counsel for the public service commission addressed a letter to the court, calling the court's attention to subdivision 2 of section 23 of the Public Service Commission Law, which reads as follows: " 2. No order staying or suspending an order of the commission fixing any rate, fare or charge or joint rate, fare or charge shall be made by the supreme court otherwise than upon notice and after hearing; and if the order of the commission is suspended, the order suspending the same shall contain a specific finding

based upon evidence submitted to the court and identified by reference thereto, that great and irreparable damage would otherwise result to the petitioner and specifying the nature of the damage," and assigning said section as a reason for not granting said stay.

It does not seem to me that subdivision 2 of section 23, above quoted, means that the court which grants a certiorari order pursuant to article 78 of the Civil Practice Act should grant a stay only after another trial. In *People ex rel. Croker* v. *Sturgis,* 39 Misc. Rep. 448, 450, the court says: " That it was not the purpose of the Legislature that the judge of whom the stay is asked should in any case, grant it merely because he discovers an error of law * * *. Such an intermediate or half-way interference with the functions of the appellate tribunal would be as unwarranted as it is uncontemplated." Nor could the legislature have intended that there could be no suspension of rates under a certiorari order, because if that had been the legislative intent it would have so provided. Therefore, what the legislature undoubtedly intended by subdivision 2 of section 23 of the Public Service Commission Law was that there must be evidence submitted to the court on the part of the relator showing that if the relator's contention be upheld by the Appellate Division, great and irreparable damage would result to the relator and specifying the nature of the damages.

This evidence is shown in paragraph 8 of the relator's petition for the stay, in folios 10, 11 and 12 thereof, and is also shown in the decision of the public service commission under the headings, " land and water rights," " general property," " other electric properties " relating to the testimony of the relator's witness, Cheney, and under the headings, " rate base," " operating expenses," " revenue deductions," " required revenue " and " proper rates." And it appearing from said testimony that in the event that the decision of the Appellate Division should reverse the decision and order of the commission, there would be a loss to the relator, in the meantime, of substantially $2,000 per month and that the relator would suffer great and irreparable damages as the result of the decision of said commission made on said July 13, 1923, unless said order was so stayed pending the determination by the Appellate Division.

The stay is hereby granted. An undertaking in the sum of $40,000 must be given by the relator, conditioned to the effect that in the event said decision of the public service commission is sustained, said relator will repay all sums collected in excess of the rates permitted by the commission in its said order, with interest

thereon from the dates of such payments to the date of repayment; said repayment to be made within ninety days from the date of affirmance of said order. And that said undertaking be approved by the court.

Ordered accordingly.