In the Matter of the Application of the KINGS COUNTY LIGHTING COMPANY, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and Another, Respondents.

Supreme Court, Albany County, February, 1933.

*Elmer B. Sanford* and *Henry R. Frost* [*William L. Ransom, Jacob H. Goetz, Edwin D. Kyle, Jr.*, and *J. Bay Robinson* of counsel], for the petitioner.

*Charles G. Blakeslee*, for the respondents.

STALEY, J. The petitioner seeks an order staying and suspending, pending the final determination on the appeal of this certiorari proceeding, the enforcement of orders of the Public Service Commission fixing temporary rates to be charged by the petitioner for gas pending the final determination in the rate-fixing proceeding pending before it.

The Commission has the power to authorize, in a rate proceeding, an immediate, reasonable, temporary increase or decrease pending a final determination of the price to be thereafter charged by any person or corporation subject to its rate fixing jurisdiction. (Pub. Service Law, § 72.) Such temporary rate must be reasonable and not confiscatory during such temporary period. Its suspension may be directed by the court by stay only where it appears that great and irreparable damage would result by its operation. (Pub. Service Law, § 23.)

The temporary orders provide for an increase in some rates and a decrease in others, with a net result of an annual decrease in revenue of $160,000. It is this loss and damage, together with the expense and confusion of adjusting its accounting system to the changed rates, upon which the petitioner mainly relies as a justification for a stay and which it claims will constitute its great and irreparable damage. Every temporary rate order which decreases revenue obviously creates a loss to the extent of the decrease and if, for that reason alone, the operation of every such order should be suspended pending appeal, the relief to the consumer where rates are decreased would be deferred in time of effect and operation.

A proper exercise of the discretion vested in the court upon such application for a stay, in my judgment, involves consideration of the reasonableness of the rate and its effect, not upon the revenues alone of the company, but upon its substantial rights and property.

The facts presented upon this application fail to persuade me that the temporary rates are either unreasonable or confiscatory of petitioner's property. It likewise appears that the petitioner during the proceeding now sought to be reviewed has expressed a willingness to accept these rates or their practical equivalent as a permanent rate basis in the proceeding upon the condition that the proceeding be thereby terminated.

If reasonable for permanent rates, it cannot be said that they are unreasonable when temporary in effect.

Application denied, with ten dollars costs.