In the Matter of the Application of ROCKLAND LIGHT AND POWER COMPANY, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission, Head of the State Division of the Department of Public Service of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Defendants.*

Supreme Court, Albany County, June 9, 1933.

*Cullen & Dykman* [*Elton H. Beals, Jackson A. Dykman, Sigourney B. Olney* and *Neile F. Towner* of counsel], for the petitioner.

*Charles G. Blakeslee* [*Russell B. Burnside* of counsel], for the Public Service Commission.

SCHENCK, J. This is an application for an order staying the execution of the determination of the Public Service Commission contained in its order of January 18, 1933, as amended by order

---

* See, also, *Matter of Consolidated Water Company* v. *Maltbie* (148 Misc. 903).

of March 7, 1933, directing petitioner to file temporary rates and an extension plan pending the certiorari granted by this court to review said order.

It is estimated that the temporary rates proposed by the Commission would result in a minimum reduction of $107,000 and a maximum reduction of $119,000 per annum. Petitioner shows in its moving papers that it has 24,111 active meter installations for residential consumers in this State and as well, 3,864 commercial consumers. It is apparent that should petitioner, pending the certiorari, charge the temporary rate prescribed by the Commission and it finally be determined that it was entitled to charge higher rates, it would be impracticable, if not impossible, for it to collect from its customers the difference in amount.

While this court will not suspend an order of the Commission fixing a rate or charge except upon proof that great and irreparable damage would otherwise result, it appears from the evidence that petitioner has made a *prima facie* case, and while this court is not called upon to try the issues raised by the petition for a certiorari order, there is evidence sufficient to indicate that the temporary rate directed by the Commission will deprive petitioner of a reasonable return, and if successful in the Appellate Division, it will be unable to recover back from its consumers.

Section 72 of the Public Service Commission Law is the authority for the Commission to authorize a temporary increase or decrease in a rate pending the final determination of the price to be thereafter charged. Such rate, however, must be reasonable and not confiscatory and should only be authorized when it has been made to appear that public interest requires such change in rate. A temporary rate may be as confiscatory as a finally established rate, and as well may cause irreparable injury.

Certain testimony and exhibits offered by petitioner which clearly were material to the issues before the Commission were excluded by it and in its memorandum of March 7, 1933, the reason stated for such exclusion was " that the question of valuation will necessarily require considerable time for cross-examination of these Company exhibits and further, the studies of the complainants and the engineers for the Commission will not be available for use within the near future. . The Commission believes that section 72 of the Public Service Law, which permits the fixing of temporary rates, does not require the complete determination of a rate base."

It may well be that the intent of section 72 is to allow the Commission to fix temporary rates without a complete determination of a rate base, but evidence should not be excluded that clearly indicates that the proposed temporary rate would be confiscatory.

It is pertinent here to note the remarks of Mr. Chief Justice HUGHES, writing for the court in *Atchison, etc., Ry. Co.* v. *United States* (284 U. S. 248): "And the prospect that a hearing may be long does not justify its denial if it is required by the essential demands of justice."

Surely the Commission should not refuse to consider competent testimony merely because it would take a considerable period of time to complete an examination or because it was not prepared to proceed with the cross-examination of petitioner's witnesses, unless it is clearly demonstrated by competent evidence already before the Commission that the earnings of the petitioner were such that the temporary rates would not in any event be unreasonable or confiscatory of the petitioner's property. Here we have no such situation. The evidence offered by the witness Cheney and other witnesses, which was excluded, tended to show that petitioner could not earn a fair return under the proposed temporary rates.

Furthermore, the Commission in arriving at these temporary rates erroneously took into consideration negotiations had between the petitioner and its consumers for a settlement of certain rate cases then pending. These negotiations were had between the petitioner and its consumers with a view of fixing a permanent rate, and apparently failed to materialize into a definite agreement. It is well settled as a matter of law that an advantage cannot be taken of an offer made by way of compromise and that any party may with impunity attempt to buy his peace. Evidence of an agreement by way of compromise is not admissible. (*Tennant* v. *Dudley*, 144 N. Y. 504.) Rate litigation is costly and a compromise rate offered by a utility company in an endeavor to buy its peace with its consumers does not necessarily mean that such rate will produce a fair return. For the Commission, in arriving at the temporary rates, to take into consideration any estimate or data involved in the negotiations between petitioner and its customers was highly prejudicial.

It would appear that by the exclusion of certain testimony and exhibits offered by petitioner the Commission committed prejudicial error in that such excluded testimony and exhibits established *prima facie* that the said temporary rates prescribed by the Commission would yield a return of less than four per cent on the value of petitioner's property used and useful in the public service. The exclusion of this evidence for the reason stated in the decision of the hearing Commissioner, which was adopted by the Commission and embodied in its order, in itself, warrants the suspension of the order directing the establishment of temporary rates until the matter may be determined on the merits.

The Commission cannot disregard all rules of procedure and deny to a petitioner the privilege of introducing evidence in a rate case as to the value of its property. In the discharge of its duty a fair hearing is a fundamental requirement, and where rights depend on facts a finding without giving consideration to available material evidence is an arbitrary exercise of power inconsistent with rational justice. (*Interstate Commerce Comm.* v. *Louisville & Nashville R. R. Co.*, 227 U. S. 88.)

This court does not attempt to review the order of the Public Service Commission. That matter is now before the Appellate Division. Pending the review of such order, a stay should be granted and at the same time proper protection should be afforded petitioner's consumers.

Submit order on notice providing that the determination of the Public Service Commission as embodied in its order dated January 18, 1933, as amended by order dated March 7, 1933, directing petitioner to file a temporary rate, be stayed pending the certiorari hearing granted, on condition that within ten days after the service thereof upon said Public Service Commission, the petitioner file a bond with the clerk of this court, to be approved by this court, in the sum of $75,000, conditioned that should it be finally decided that petitioner is not entitled to the relief for which it prays, petitioner shall repay to each of its consumers the respective sums received and collected by it from such consumers in excess of the amount prescribed in said temporary rates, together with interest thereon.