In the Matter of the Application of CONSOLIDATED WATER COM-
PANY OF UTICA, Petitioner, for a Certiorari Order against MILO
R. MALTBIE and Others, Constituting the Public Service Com-
mission (State Division, Department of Public Service) of the
State of New York, Defendants.

Supreme Court, Albany County, September, 1933.

*Dunmore, Ferris & Burgess* [*Neile F. Towner* of counsel], for the
Consolidated Water Company, petitioner.

*J. Herbert Gilroy, Corporation Counsel of the City of Utica* [*Harry
D. Williams* of counsel], for the City of Utica.

*Charles G. Blakeslee* [*Russell B. Burnside* and *George E. McVay*
of counsel], for the defendants.

SCHENCK, J.   This is an application by the Consolidated Water
Company for a stay of enforcement of an order of the Public Service
Commission of June 28, 1933, in so far as that order requires the
company to file and put into effect as of August 1, 1933, a revised
tariff or rate schedule which will produce annual operating revenues
of at least $120,000 less than the average operating revenues of
the company for the years 1930 and 1931.   This stay is requested

pending the determination by the Appellate Division of a certiorari proceeding brought to review the said order of the Commission.

The Commission rendered its decision on June 28, 1933, after numerous hearings covering a period of several months. At the close of the hearings a memorandum of decision was written by Commissioners Brewster and Burritt, covering 140 typewritten pages, to which the water company filed thirty-seven objections on its application for rehearing, which application was subsequently denied.

It was the contention of the Commission that this application for a stay could not be instituted until after the Commission had acted upon the water company's petition for a rehearing. Such application for a rehearing has since been denied and the company has obtained the certiorari order.

It appears from the papers in this proceeding that unless a stay is granted, great and irreparable injury will result if the petitioner is compelled to put into effect as of August 1, 1933, a new tariff schedule which will produce operating revenues of at least $120,000 less than its average operating revenues for 1930 and 1931 at the rates then in effect. The amount of such reduction in its annual operating revenues could not be recovered back from its consumers in the event that the Appellate Division finds in the pending certiorari proceeding that the determination of the Commission was improper.

It is not for this court to review the order of the Public Service Commission. Such review will properly be brought before the Appellate Division. In the meantime, however, and pending such review and until the final determination thereon, the company and the consumers should, if possible, be protected. Such protection may be given the consumers by a proper bond conditioned for the repayment to such consumers of the difference between the moneys received and collected under the new schedule required to be filed by the order of June 28, 1933, and the present schedule, with interest, in the event that the Appellate Division affirms the said decision and order of the Commission. (*Matter of Iroquois Natural Gas Co.* v. *Public Service Commission*, 176 N. Y. Supp. 474; *Matter of Peoples Gas & Electric Co.* v. *Public Service Commission*, 122 Misc. 285.)

In its request for a rehearing, which was denied, the company took exception to various findings of the Commission and alleged that the same are illegal and erroneous. Some of these exceptions, which are set forth in the moving papers and not denied by the Commission, are not without merit. Some of the errors assigned, which the company believes will justify a reversal by the Appellate

Division of the Commission's decision and order, relate to the value of the company's property, based on valuations of June, 1932. The company alleges that since that date, and more particularly since March 1, 1933, there has been a marked increase in the price of materials which go into the construction of the plant. The company points out that the increase in the price of cast iron pipe alone increased the production cost found by the Commission by about half a million dollars. It also points out that by reason of statutory enactments and announced policies of the government, the trend of prices for commodities and labor is upward rather than downward, as found by the Commission in June of last year, and that the Commission failed to take into consideration that the present value of the dollar is considerably less than at the time the plant was evaluated by it.

The Commission found that a return of six per cent was the maximum amount of return which the company should be allowed to earn. It may well be that less than a six per cent return is confiscation, but it does not follow that a return in excess thereof is unfair and unreasonable.

The company has made a *prima facie* case. The action of the Commission will be reviewed by the proper tribunal. In the meantime, unless a stay is granted, it is apparent that irreparable damage will result in the event that the Appellate Division reverses the Commission's determination. This is a case where there is no speculation as to the amount the company will lose in operating revenues, for the order of the Commission specifically fixes the amount at not less than $120,000. Mr. Justice RUDD, in the *Iroquois Natural Gas Co.* case has this to say of an application of this character: " Upon the merits of the application it seems that justice requires that, pending the review of the determination of the Public Service Commission as to the rate fixed and until the final determination thereof, both the relator and the buyers and consumers of relator's product should be protected. Such method is usual and has met the approval of the courts. We cannot here review the order of the Public Service Commission. There is a forum for such review, and until it is had, and a determination reached, there seems to be no controlling reason why the parties affected should not be left as nearly as possible in the same relative position, and particularly so when there is devised a method of protecting each whatever the result of the review may be."

A similar stay was granted in *Matter of Peoples Gas & Electric Co.* v. *Public Service Commission* (*supra*) and in *Matter of Rockland Light & Power Co.* v. *Maltbie* (148 Misc. 22). In the event that the Appellate Division reverses the decision of the Com-

mission, the company will be saved from the loss in its operating revenues made necessary by the filing of the new rate. On the other hand, if the decision of the Commission is affirmed, then the consumers will receive back any excess which they have paid.

Order may be entered that pending the determination of the Appellate Division on the certiorari proceeding to review the decision and order of June 28, 1933, the Commission be enjoined from enforcing so much of that order as requires petitioner to put into effect as of August 1, 1933, by a schedule filed on not less than ten days' notice, rates and charges for water service which will produce annual operating revenues at least $120,000 less than the average operating revenues for the years 1930 and 1931, on condition that the petitioner shall file a bond, to be approved by this court, the condition thereof being that if the Appellate Division affirms such decision and order of the Commission, the petitioner repay to its customers from the respective sums received from them the difference between the rates required by the new schedule and the rates required by the present schedule, with interest. No costs.