In the Matter of the Application of the QUEENS BOROUGH GAS AND ELECTRIC COMPANY, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and Another, Respondents.

Supreme Court, Albany County, January 29, 1934.

*Elmer B. Sanford* and *Henry R. Frost* [*William L. Ransom, Neile F. Towner, Jacob H. Goetz* and *Edward J. Crummey* of counsel], for the petitioner.

*Charles G. Blakeslee,* for the Public Service Commission.

LOUGHRAN, J. The Special Term is not required (and indeed is without competency) to review the action of the Commission. Pending review by the Appellate Division, this court has power to grant a stay and to suspend the orders of the Commission. In

the exercise of that jurisdiction the court must, in due respect for the presumptively valid action of the Commission and in conformity with standard judicial practice, search the record to determine whether the certiorari presents questions of such substance and importance as warrant a hearing before the orders of the Commission should become effective. If such questions be presented, the court, before suspending the orders, must also specifically find, upon evidence submitted, that great and irreparable damage would (lacking the stay) result to petitioner.

The record shows that the following questions are presented to the Appellate Division:

(1) Whether the Commission has power itself to declare the existence of an emergency and, without complaint from any source, to initiate a proceeding designed to recast or reduce rates.

(2) Whether in an emergency declared by it the Commission has power to fix rates on any basis differing from that required in the establishment of permanent rates.

(3) Whether in fixing the rates in question the Commission acted upon two mutually contradictory and conflicting bases.

(4) Whether, assuming such conflict, the rates fixed may be defended on either of these bases.

(5) Whether proof of going business value should have been received by the Commission before the rates in question were fixed.

(6) Whether in fixing the rates in question the Commission was required to use, as part of the basis for its computations, the working capital actually employed by petitioner in its business rather than the assumed working capital requirement testified to by the Commission's accountant.

(7) Whether a vertical reduction of rates is valid irrespective of its effect upon classes of service differing in character and in cost.

(8) Whether petitioner had before the Commission a full and adequate hearing.

These are substantial questions. There are involved considerations of the general power of the Commission; of the true basis for exercise of the power when it exists; of the propriety of the Commission's action in this specific instance; and of the extent to which a general economic condition may be regarded by the Commission as in lieu of a specific showing of particular conditions in the territory served by the industry to be regulated. No comment is made upon the full discussion of these issues in the briefs, because this court is without jurisdiction to determine them. The court is of opinion that the record presents questions so substantial as to invoke the jurisdiction to grant the application. This con-

clusion is not inconsistent with that reached by Mr. Justice STALEY in *Matter of Kings County Lighting Co.* v. *Maltbie* (152 Misc. 45). The refusal of the stay in that case was predicated upon the fact that the validity of the rates, if permanently fixed, was conceded.

Petitioner has submitted evidence that great and irreparable damage will result to it, unless this application is granted. Any reduction in rates necessarily diminishes gross income. If petitioner is thus deprived of income pending review of the reduction, it can never in practical effect recoup its loss, in the event the action of the Commission be disapproved. The risk of an attempt to enforce the old rates is obviously too great. The cost of recovery of nominal sums from each of thousands of consumers plainly would exceed, or largely absorb, the amount recovered. The court specifically finds that the evidence submitted to it of the extent of the territory served by the petitioner, of the number of its customers, of the fact that the charges for its service run monthly into small sums per customer, and of the cost of recovering (in the event of revision of the orders of the Commission) the amounts of reductions in charges, establishes that, unless this application is granted, great and irreparable damage will result to petitioner in the loss per day of substantial sums of money. This court, in *Matter of New York Edison Co.* v. *Maltbie* (150 Misc. 200, SCHENCK, J., Albany Special Term, Dec. 1933), made the same finding upon like proof of damage.

The application is granted, upon condition that petitioner file a bond in a sum to be approved by this court and so conditioned as fairly to secure to its customers a refund with interest of any excess of charges ultimately found to have been collected by it. The order may be settled at the present Schoharie Trial Term.