Order may be settled before me on two days' notice.

In the Matter of the Application of THE YONKERS ELECTRIC LIGHT AND POWER COMPANY, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondents.

Supreme Court, Albany County, November 26, 1934.

*Shearman & Sterling* [*Jacob H. Goetz, Colley E. Williams* and *Neile F. Towner*, of counsel], for the petitioner.

*Charles G. Blakeslee*, for the respondents.

STALEY, J. A proceeding was instituted before the Public Service Commission by its order dated October 11, 1932, for the purpose of inquiring into the electric rates and charges of the Yonkers Electric Light and Power Company in the city of Yonkers.

Hearings were begun in 1932 and thereafter as a result of negotiations between the city of Yonkers, the petitioner and others, reduced rates were proposed which in effect amounted to an annual saving to domestic consumers of about $120,000 and $50,000 in street lighting rates to the city of Yonkers.

These proposed reduced rates were in May, 1933, approved by the Commission, without prejudice, pending the outcome of the inquiry as to permanent rates.

Thereafter and on August 18, 1933, the writing commissioner in another proceeding concerning the rates of various corporations supplying electricity in the city of New York and suburban territory, held that the record therein did "not justify any reduction by the Yonkers Company." This finding related, as I understand it, to any other temporary reduction. The proceeding for the establishment of permanent rates for the Yonkers Company continued.

By chapter 287 of the Laws of 1934 section 114 was added to the Public Service Law. This section, in brief, authorized the Commission to prescribe temporary rates sufficient to provide a return of not less than five per cent upon the *original cost*, less accrued depreciation of the physical property used and useful in the public service, if such cost and depreciation be shown by reports of the company, and if not shown, upon such cost and depreciation as estimated by the Commission.

It further provided that such temporary rates shall be effective until final rates are determined, and that the effect of such temporary rates shall be considered in prescribing final rates. This added section took effect April 24, 1934.

Thereafter and on May 2, 1934, the corporation counsel of the city of Yonkers served a notice of motion before the Commission invoking the application of the provisions of section 114 and the rate base fixed therein for consideration for temporary rate determination.

Thereafter and on October 23, 1934, the Commission directed by order a flat reduction of all rates for electric service, except one service classification, of six per cent, which reduction was fixed as a temporary rate pending the determination of permanent rates in the proceeding. The decrease of this per cent on present rates and present business amounts to a gross annual reduction in revenue and earnings of $139,000, and to a net reduction of about $116,000 due to savings in tax requirements produced by decreased revenue.

This order and the proceedings upon which it is based are the subject of this certiorari proceeding in which the petitioner now

applies for a stay pending its final determination, upon such terms as to security as justice requires.

Under subdivision 2 of section 23 of the Public Service Law if the order of the Commission fixing rates is suspended, the order suspending it " shall contain a specified finding based upon the evidence submitted to the court and identified by reference thereto, that great and irreparable damage would otherwise result to the petitioner and specifying the nature of the damage."

The accuracy or invalidity of the order of October 23, 1934, which is being reviewed herein by certiorari, is not a question to be decided upon this application.

The duty and obligation of the court here is to search the evidence submitted and identified and determine therefrom whether great and irreparable damage will result to the petitioner if the order reducing the rates is not stayed.

The rate base adopted by the Commission, upon which a " just and reasonable " rate must be fixed by it, was the sum of $14,376,056, representing the original cost of the property charged to fixed capital by the petitioner and as adjusted in amount by the Commission.

This adjustment included deductions of $97,020 from organization account, of $52,959 for retirement of property not reflected on the company's books, and of $420,043 charged to fixed capital not classified by prescribed accounts.

The rate base used is, therefore, an estimate by the Commission on the original cost less accrued depreciation of the physical property of the company used and useful in the public service. The petitioner contends that this basis is an unjust and illegal one, and that the law which permits its use is invalid and a violation of the rights of the petitioner to have a " just and reasonable " return upon the present value of its property; that the Commission unlawfully refused to receive evidence of the present value of the petitioner's properties other than land; that the reproduction cost of the company's property on June 1, 1934, including going value and working capital, is $17,838,976; that the actual cost of the company's property on January 1, 1934, including going value and working capital, is $18,212,106; that the rate fixed by the Commission will yield only four and eighty-nine one-hundredths per cent on the claimed reproduction cost and only four and seventy-nine one-hundredths per cent on the claimed actual cost.

These claims of value may be exaggerated, but the evidence upon which they are based was not received and considered in this proceeding, and the question of the right of the petitioner to have it received and considered is a substantial question presented for review on this certiorari.

In *Matter of Bronx Gas & Electric Co.* v. *Maltbie* (153 Misc. 585), decided herewith, I held, and I hold on this application, that the adoption of an estimate of original cost, less accrued depreciation, as the sole measure of rate base, to the exclusion of other elements of physical property value, heretofore accepted as essential in arriving at present value, and to be considered in using the rate base upon which return must be measured to assure " just and reasonable " rates, is a substantial question and that great and irreparable damage may result to the petitioner by its rejection and failure of consideration.

It may be further said tnat on the cost basis adopted by the Commission, the deductions of the items heretofore mentioned in the adjustment and estimate made by the Commission of the original cost of the property charged to fixed capital are substantial in amount. The payment of the amount charged to the organization account by petitioner, which was deducted in the estimate of cost by the Commission, may have been one for which there was no liability upon the petitioner to make, but its payment was made and the charge thereafter carried in the organization account of the petitioner with the implied consent and approval of the Commission, if not by its formal decree and direction.

The exclusion of this item and the other deductions are likewise substantial questions going to the issue of great and irreparable damage.

The petitioner has about 45,000 active customers to which monthly bills are rendered. If the temporary rate used by the Commission should become immediately effective, and the determination of the Commission annulled upon its review by this certiorari, a permanent loss of revenue would be sustained by the petitioner, due to its inability to collect the difference from its customers, if such collection could be enforced, and the petitioner would be subjected to further additional expense and loss to enforce collection, where collection could be enforced, and a great and irreparable damage would result thereby to the petitioner.

Under such circumstances and until a determination may be had upon the merits of the decision of the Commission, reason would seem to dictate that equity and fair dealing require that the petitioner and consumers be left where they are, but upon conditions that each be protected whatever be the final result of the review herein.

Relief to the consumers if lawfully decreed herein should not be unduly delayed. A limitation of time should, therefore, be fixed within which the review should be expedited and the rights of the parties finally established.

Order may, therefore, be entered granting the application of petitioner for a stay, upon condition that petitioner file a bond in a sum to be approved by this court, and so conditioned as to secure to its customers a refund, with interest, of any excess of charges ultimately found to have been collected by it during the period of this stay, which shall be limited to ten days after the determination of the Appellate Division herein, and in no event to continue beyond May 24, 1935, within which time the certiorari herein should be heard and decided, unless by further order of the court upon notice the stay is extended.

Order may be settled before me on two days' notice.