In the Matter of the Application of UPSTATE TELEPHONE CORPORATION OF NEW YORK, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission, Head of the State Division of the Department of Public Service of the State of New York, and Another, Defendants.*

Supreme Court, Albany County, February 19, 1935.

* Affd., —— App. Div. ——.

*Wood, Wood & Wood* [*Neile F. Towner* of counsel], for the petitioner.

*Charles G. Blakeslee, Counsel,* and *Sherman C. Ward, Assistant Counsel,* for the Public Service Commission.

SCHENCK, J. This is an application by petitioner for a stay during the pendency of a certiorari proceeding brought to review orders of the Public Service Commission which fixed and determined temporary rates to be charged by petitioner.

The Commission heretofore and on or about May 2, 1934, on its own motion, directed an investigation as to the rates and toll charges of petitioner, and several public hearings were held between May tenth and the early part of September, at which hearings petitioner was given an opportunity to present its evidence as to property valuation and rate of return required. On September seventh the president of petitioner corporation stated that on or about the first of October petitioner would present its entire case and no further hearing would be necessary thereafter. At a hearing held October third petitioner presented an inventory and appraisal, based upon reproduction cost new of its property as of December 31, 1933. Cross-examination developed apparent substantial errors in the inventory as well as errors in the pricing of various items therein contained. It would appear from statements made by counsel at the time of the hearing that the petitioner was not willing to rely upon this inventory and appraisal, made under its direction, and suggested further adjournment. At that time the Commission advised the petitioner that if it had any further evidence it should submit the same and that the Commission was ready to receive it. The petitioner having no further evidence to submit at that time, the Commission proceeded to fix temporary rates pending the final determination of the rate proceeding.

Whether the action of the Commission in fixing temporary rates by its order of October 16, 1934, was had pursuant to the provisions of section 97 of the Public Service Law, or section 114, added by chapter 287 of the Laws of 1934, is of little importance on this application. It may be presumed that the Commission acted

in good faith and that its order was neither unreasonable, arbitrary nor confiscatory. To justify a stay of such order pending the final determination of a rate case, it must be found that great and irreparable damage would occur. Subdivision 2 of section 23 of the Public Service Law provides that any order of this court suspending any rate or charge fixed by the Commission shall contain a specific finding based upon evidence submitted to the court and identified by reference thereto that great and irreparable damage would otherwise result to the petitioner, and specifying the nature of the damage.

It is the contention of the Commission that by reason of the provisions of section 114 of the Public Service Law, no irreparable damage can be shown, as that section allows the Commission, when it fixes permanent rates, to correct any error it may have made in fixing temporary rates. I quite agree with the learned counsel of the Commission that this legislation was for the purpose of allowing the Commission to make temporary rates and thereby avoid the delays incident to a rate-making proceeding, and that the section affords consumers relief by giving the Commission direct authority when fixing a permanent rate to correct any mistakes experienced under the temporary rates. In fact, the Commission has always had authority to make good the utility's loss in a subsequent rate revision. (*Georgia Railway & Power Co.* v. *Railroad Commission,* 262 U. S. 625; *Mobile Gas Co.* v. *Patterson,* 293 Fed. 208; *People ex rel. Adirondack Power & Light Corp.* v. *Public Service Commission,* 200 App. Div. 268; *Matter of Pennsylvania Gas Co.* v. *Public Service Commission,* 211 id. 253.) I do not agree, however, that by reason of the enactment of section 114 there no longer exists the danger of irreparable damage such as referred to in several recent cases decided in this Department. (*Matter of New York Edison Co.* v. *Maltbie,* 150 Misc. 200; *Matter of Rockland Light & Power Co.* v. *Maltbie,* 148 id. 22; affd., 241 App. Div. 122; *Brooklyn Union Gas Co.* v. *Maltbie,* 242 id. 718; *Queens Borough Gas & Electric Co.* v. *Maltbie,* 152 Misc. 47.) Despite the provision of section 114, if the order of the Commission be unreasonable, arbitrary, or amounts to a confiscation of property, a stay should be granted. (*Public Service Commission of Wisconsin* v. *Wisconsin Telephone Co.,* 289 U. S. 67; *Galveston Electric Light Co.* v. *City of Galveston,* 258 id. 388; *Willcox* v. *Consolidated Gas Co.,* 212 id. 19; *Gilchrist* v. *Interborough Rapid Transit Co.,* 279 id. 159.)

The Special Term is not called upon to determine the merits of this certiorari proceeding, but is called upon to determine whether or not the proceeding is instituted in good faith. This court must find from the evidence presented that there are questions

which should be considered by the Appellate Division; that the evidence indicates that petitioner presents a real issue; that there is some reasonable cause to believe petitioner may succeed, and that if the Commission is not enjoined from enforcing its order, great and irreparable damage will result in the event that the appellate court decides that the Commission was in error. In other words, upon an application such as here presented, this court is called upon to exercise sound judicial discretion.

In *Public Service Commission of Wisconsin* v. *Wisconsin Telephone Company* (289 U. S. 67), Chief Justice HUGHES, writing for the court, states: "While an application for an interlocutory injunction does not involve a final determination of the merits, it does involve the exercise of a sound judicial discretion. That discretion can be exercised only upon a determination, in the light of the issues and of the facts presented, whether the complainant has made, or has failed to make, such a showing of the gravity of his complaint as to warrant interlocutory relief. Thus, if the issue is confiscation, the complainant must make a factual showing of the probable confiscatory effect of the statute or order with such clarity and persuasiveness as to demonstrate the propriety in the interest of justice, and in order to prevent irreparable injury, of restraining the State's action until hearing upon the merits can be had. *Phœnix Ry. Co.* v. *Geary*, 239 U. S. 277, 281; *Gilchrist* v. *Interborough Rapid Transit Co.*, 279 U. S. 159, 207; *Ohio Oil Co.* v. *Conway*, 279 U. S. 813, 815. The result of the court's inquiry into the issues and into the facts presented upon the interlocutory application, in order to satisfy itself as to the gravity of complainant's case and the probable consequences of unrestrained enforcement of the statute or order, should be set forth by the court in a statement of the facts and law constituting the grounds of its decision."

This petitioner has presented no evidence that would warrant this court, in the exercise of sound judicial discretion, to grant the relief prayed for. It has not made such a "factual showing of the probable confiscatory effect of the statute or order with such clarity and persuasiveness" that a stay should be granted in the interest of justice. The petitioner has had its day in court. It has been given ample time to present its case. Evidence given before the Commission indicates that the appraisal company had twenty-five men working 500 man days in making this inventory and appraisal. Sixty exhibits were received and 974 pages of testimony taken at the nine public hearings. We have no such situation as was found in *Rockland Light & Power Co.* v. *Maltbie* (*supra*) where this court held that proper evidence was not

received. On the contrary, the petitioner was urged to place before the Commission any evidence that it had in its possession. The appraisal of the petitioner's property was made under the direction of petitioner by appraisers of its own selection.

This petitioner has been under the jurisdiction of this Commission for upwards of twenty years, during which period of time it has filed annual reports required by statute and the rules of the Commission. From its books and from its reports it is apparent that the temporary rates are not confiscatory. The outstanding feature in this proceeding, and one which does not commend itself to the court, is the contention of petitioner that this inventory, made by engineers and appraisers of its own selection, must be wrong by reason of the fact that it would not withstand cross-examination, and that the petitioner desired to have it checked by another engineering company of reputation, as it did not feel justified in relying upon it.

Obviously, if a utility were allowed to take this position, no temporary rate, or, in fact, any rate, could ever become effective. It would be necessary only for the utility at the conclusion of the rate case to say that it would not stand on its own inventory but desired a stay while it had a new inventory prepared by other engineers. This could go on indefinitely, thereby nullifying the rate-making powers granted to the Commission by the Legislature.

I am not unmindful that Mr. Justice STALEY recently granted temporary stays where temporary rates had been ordered pursuant to the provisions of section 114 of the Public Service Law. (*Matter of Yonkers Electric Light & Power Co.* v. *Maltbie*, 153 Misc. 589; *Matter of Bronx Gas & Electric Co.* v. *Maltbie*, Id. 585.) I quite agree with the principles there laid down and that in those proceedings stays were properly granted. No such situation was there presented as may be found in this application.

In so far as I am able to ascertain the constitutionality of section 114 of the Public Service Law has not been passed upon by any court of this State. A judicial decision as to whether that section is constitutional is not essential to a determination on this motion. This petitioner has been given every opportunity to prove its case. It now seeks to postpone the action of the Commission in fixing temporary rates by invoking the injunctive power of this court after a long delay, until it can produce an inventory on which may be predicated a rate base that will be satisfactory to it. No evidence is here presented that will warrant such relief and the application is denied, with fifty dollars costs.