In the Matter of the Claim of PETER HAVERHALS, Respondent, v. THEODORE BADMAN and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant and his wife were janitors of an apartment house; they and their two children occupied rooms in the basement as living quarters. She, in anger, threw acid or caustic potash in his face, causing the total loss of vision of one eye, and a serious facial disfigurement. The Industrial Board has seen fit to believe that an argument between the husband and wife, namely, a criticism by the man that the woman used too much coal in the heater, arose out of and in the course of the employment. The Board having credited claimant's version gave an award. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148.) Award affirmed, with costs to the State Industrial Board. Hill, P. J., Rhodes, Crapser and Heffernan, JJ., concur; McNamee, J., concurs with a memorandum. McNamee, J.: I concur for affirmance with great reluctance. The claimant testified that he upbraided his wife for using too much coal on the apartment house fire, and because she did not share adequately in the duties incumbent on him as janitor. With this as a cause, according to claimant's testimony, the wife left their apartment in the basement and stayed out all night; and, on returning in the morning, she cooked up a pot of lye and threw it in his face, and thus destroyed one of his eyes. The Industrial Board represent by their award that they believe this unsupported and unconvincing tale. Because the claim is thus given *form* we must affirm.

In the Matter of the Application of UPSTATE TELEPHONE CORPORATION OF NEW YORK, Appellant, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission, and Others, Respondents. In the Matter of the Application of UPSTATE TELEPHONE CORPORATION OF NEW YORK, Appellant, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission, and Others, Respondents.— On October 16, 1934, the Public Service Commission made an order temporarily reducing and fixing certain telephone rates to be charged by the petitioner for the period of one year, or pending the earlier fixation of permenent rates. The petitioner became the owner of various smaller telephone companies, and revalued on its books the assets of those companies at a much larger amount than that indicated by the records of the smaller companies and thus sought and altered rate base, on the theory that the books of the companies taken over were inaccurate, and did not properly reflect the true value of the assets of those companies. The Special Term denied the motion to stay the enforcement of the order fixing the temporary rates. The petitioner also made a motion before the Special Term to require the Public Service Commission to make a further return to the certiorari order by the insertion of six affidavits which had been served on the Commission in an action by the petitioner against it to restrain the enforcement of the order fixing the temporary rates. Order denying stay unanimously affirmed, with ten dollars costs and disbursements. Order denying motion to require a further return unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ. [154 Misc. 512.]