In the Matter of the Application of THE NEW ROCHELLE WATER COMPANY, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Defendants.

Supreme Court, Special Term, Albany County, March 31, 1936.

*Whitman, Ransom, Coulson & Goetz* [*Neile F. Towner* of counsel], for the petitioner.

*Charles G. Blakeslee,* for the defendants.

SCHENCK, J. The petitioner water company applies for a stay and suspension of the order of the Public Service Commission fixing permanent rates pending a review of such order by the Appellate Division. The proceeding before the Commission was based upon six separate complaints against rates and service, all of which were heard in one proceeding, and after many public hearings the Commission made its order fixing permanent rates as determined by it from the evidence submitted.

Petitioner is a water works corporation distributing water to public and private consumers in municipalities comprising two separate divisions, designated, respectively, as the New Rochelle Division and the Pocantico Division. The Commission's order fixed new rates to be charged by the petitioner in its New Rochelle Division but made no change in the existing rates for the Pocantico Division. No temporary rates were made pending this final determination of the Commission.

While an application such as here made does not involve a determination by the court of the merits, it does call for the exercise of sound judicial discretion. Such discretion should be exercised only upon a finding that the petitioner has made such a *prima facie* case as would warrant interlocutory relief. (*Public Service Commission of Wisconsin* v. *Wisconsin Telephone Co.*, 289 U. S. 67.) In that case Mr. Chief Justice HUGHES, writing for the court, has this to say in regard to the granting of a stay of an order of the State Commission authorized to fix rates: " While an application for an interlocutory injunction does not involve a final determination of the merits, it does involve the exercise of a sound judicial discretion. That discretion can be exercised only upon a determina-

tion, in the light of the issues and of the facts presented, whether the complainant has made, or has failed to make, such a showing of the gravity of his complaint as to warrant interlocutory relief. Thus, if the issue is confiscation, the complainant must make a factual showing of the probable confiscatory effect of the statute or order with such clarity and persuasiveness as to demonstrate the propriety in the interest of justice, and in order to prevent irreparable injury, of restraining the State's action until hearing upon the merits can be had. *Phœnix Ry. Co.* v. *Geary,* 239 U. S. 277, 281; *Gilchrist* v. *Interborough Rapid Transit Co.,* 279 U. S. 159, 207. \* \* \* The result of the court's inquiry into the issues and into the facts presented upon the interlocutory application, in order to satisfy itself as to the gravity of complainant's case and the probable consequences of unrestrained enforcement of the statute or order, should be set forth by the court in a statement of the facts and law constituting the grounds of its decision."

The Public Service Commission of this State is a fact-finding body. It is the function of the Commission to determine whether the petitioner is receiving a fair return upon the property devoted to public use. (*McCardle* v. *Indianapolis Co.,* 272 U. S. 400; *Matter of Peoples Gas & Electric Co.* v. *Public Service Commission,* 214 App. Div. 108.) It has made its determination after sixty-six public hearings, at which nearly 7,000 pages of testimony were taken and 322 exhibits received. The Hearing Commissioner apparently received and considered all of the testimony presented. No such situation is here involved as found in *Matter of Rockland Light & Power Co.* v. *Maltbie* (148 Misc. 22), where this court determined that proper evidence had been excluded by the Commission. The petitioner here seeks to review the determinations of fact found by the Commission upon all of the evidence presented. In other words, the court is asked to substitute its judgment for that of the Commission. Petitioner has not pointed out wherein the determination of the Commission is arbitrary or capricious. To justify a stay of the order of the Commission fixing permanent and final rates, it is necessary for this court to find that the order of the Commission is unreasonable, arbitrary or capricious and that great and irreparable loss will result.

In *Niagara Falls Power Co.* v. *Water Power & Control Commission* (267 N. Y. 265, 278) the court said: " As there was evidence before the Commission bearing upon the reasonable value or rental value for the use of this water, neither the Appellate Division nor this court has any power to reconsider the question. No doubt much administrative law has grown up in this State and in this country in response to the development of the public utility resources, but,

unless these administrative agencies act arbitrarily and beyond their powers, the courts should not interfere. We have no special knowledge which enables us to deal with these matters. On the other hand, the Commission is a fact finding body of presumed technical qualifications. The Power Commission has been intrusted by the Legislature to deal with these specialties and as long as they act in accordance with the due administration of law by affording a hearing, taking evidence and giving their judgment or award, we cannot, nor must the Appellate Division interfere with their conclusion."

The Commission has considered all of the elements properly to be considered by it in arriving at a rate base. To be sure there are disputed questions as to values, depreciation and rate of return, but these are questions of fact for the Commission to determine from the evidence. In arriving at the depreciation, the three most genera ly used methods were taken into consideration, characterized as straight line, observed and sinking fund depreciation. While the opinions of the individual Commissioners differed in some respect, the final result was the unanimous determination of the Commission as to the rates and charges to be made by petitioner. The contention of the petitioner that a six per cent return is insufficient is simply a question of fact and unless this court is to determine that a return of six per cent is confiscatory, it should not substitute its judgment for that of the Commission as to whether or not six per cent is a reasonable return. (*Knoxville* v. *Water Company*, 212 U. S. 1.)

No substantial question of law is here presented. While it is obvious that the reduced rates prescribed for the New Rochelle Division will reduce the revenues of the company, petitioner's quarrel in this respect is with the Legislature, which authorized the Commission to make just and reasonable rates that will yield a fair return.

Counsel for the Commission points out that petitioner has failed to avail itself of the administrative remedy open to it which it must exercise before making this application, and calls attention to the fact that the rates made by the Commission refer only to the New Rochelle Division and that no change was made in the rates applicable to the Pocantico Division. He bases this contention on the opinion of this court at the Special Term in *Matter of Green Island Water Co.* v. *Public Service Commission* (Unreported, decided May 1, 1933). There the Commission eliminated a multiple minimum charge which resulted in a reduction of the revenues of the company. This court held that if the water company found that by the elimination of the multiple minimum rate its earnings would not yield a

fair return, it could file a new schedule of rates sufficient to yield the necessary revenue. It is urged that as the final rates fixed by the Commission in its order related only to the New Rochelle Division and as no change was made in the rates applicable to the Pocantico Division, the petitioner should file new rates for the Pocantico Division sufficient to produce the necessary revenue and its failure so to do is fatal to this application. While I agree that the rule laid down in the *Green Island Water Company* case is applicable in a case where a new schedule might properly be filed, it would seem that here the Commission has made a finding after considering the properties and earnings of both divisions. It found that the rates charged and collected in the Pocantico Division were neither unjust nor unreasonable and would produce something better than a six per cent return. In a word, the Commission has determined a fair and reasonable rate for the Pocantico as well as the New Rochelle Division. The statute required it so to do in this rate proceeding.

Petitioner refers to *Matter of Brooklyn Union Gas Co.* v. *Maltbie* (266 N. Y. 659) as authority for a stay and suspension of the Commission's order. As before stated, the court is not required to pass upon the merits of the errors alleged in determining whether such stay should be granted. In that case Judge LOUGHRAN, then holding a Special Term, granted the motion and the order thereupon entered made a specific finding that if upon certiorari the order of the Commission were annulled upon the merits, the petitioner would have suffered irreparable damage in that it would not be practical to recover from each of its large number of consumers the difference between the rates charged under such annulled order and the rates which would have been charged had the enforcement of the Commission's order been stayed. But there is no reason to believe that Judge LOUGHRAN predicated his order on any different bases than set forth in his decision in *Matter of Queens Borough Gas & Electric Co.* v. *Maltbie* (152 Misc. 47). There it was held that the questions as presented to the Appellate Division were substantial questions and "involved considerations of the general power of the Commission; of the true basis for exercise of the power when it exists; of the propriety of the Commission's action in this specific instance; and of the extent to which a general economic condition may be regarded by the Commission as in lieu of a specific showing of particular conditions in the territory served by the industry to be regulated." Again, in *Matter of N. Y. Edison Co.* v. *Maltbie* (150 Misc. 200), where the Commission's order fixing temporary rates was stayed pending a review, this court held that the formula adopted by the Commis-

sion for the purpose of arriving at a determination of the amount of reduction of rates was sanctioned neither by statute nor judicial proceeding. But the petitioner here does not seek a review of an order fixing temporary rates established as the result of some method or formula which would not allow of a complete consideration of all matters which should be considered in arriving at a final determination or permanent rate. Petitioner has made no factual showing that the methods used by the Commission were improper, that it refused to receive relevant evidence or that any substantial question of law is here involved. The proceeding was not before the Commission on its own motion but upon the complaints of various municipalities, and the memorandum of upwards of 175 pages prepared by the Hearing Commissioner together with the opinion filed by the Chairman of the Commission resulted in the unanimous determination of the rates to be charged by petitioner in the New Rochelle Division. All of the evidence offered by the water company, the petitioner here, was received, as was all of the evidence offered by the complainants. The Commission also produced its experts and engineers and thereafter arrived at a rate base predicated on the evidence. That the conclusion reached by the Commission was not satisfactory to the petitioner is conceded, but as the court said in *Niagara Falls Water Power Co.* v. *Water Power & Control Commission (supra)*: " As long as they act in accordance with the due administration of law by affording a hearing, taking evidence and giving their judgment or award, we cannot, nor must the Appellate Division, interfere with their conclusion."

The Commission was created, among other things, for the purpose of determining rates to be charged by this petitioner. It has made such determination after a hearing based upon the facts presented. For the court to grant a stay in this case would amount to a substitution of its judgment for the judgment of the Commission, which had before it and gave consideration to all of the material facts presented. There would be no justification for such action unless based upon a factual showing of the probable confiscatory effect of such determination or in order to prevent irreparable injury.

The motion is denied, without costs.