In the Matter of the Application of LONG ISLAND LIGHTING COMPANY, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Defendants.

Supreme Court, Special Term, Albany County, June 27, 1936.

*Whitman, Ransom, Coulson & Goetz* [*Jacob H. Goetz, William L. Ransom, Neile F. Towner* and *Edward J. Crummey* of counsel], for the petitioner.

*Charles G. Blakeslee* [*Sherman C. Ward* of counsel], for the defendants.

SCHENCK, J. Petitioner applies for a stay pending a review by certiorari of the order of the Public Service Commission fixing permanent rates to be charged for electric service by petitioner after January 1, 1936. The proceedings before the Commission were brought on as the result of various complaints filed against the petitioner's rates for electricity.

It appears that the hearings in the proceedings conducted before the Commission occupied 140 days. Upwards of 13,000 pages of testimony were taken and 835 exhibits are included in the record. Upon completion of the hearings an exhaustive memorandum of some 400 pages was prepared by the Chairman of the Commission, who heard the proceedings, and rate reductions amounting to approximately $600,000 were recommended and approved. The order was adopted by unanimous vote of the Commission on December 18, 1935, and prescribed permanent rates to be charged for electric service after January 1, 1936. The effective date of filing the new ordered schedule of rates was thereafter extended by the Commission for a period of one month and during that time petitioner applied for a rehearing, which was denied. An order of certiorari having been granted, petitioner heretofore moved for a stay of the Commission's order pending a review of the entire proceeding by the Appellate Division. From time to time the effective date of the Commission's order has been extended pending the decision of this court relative to this application. On this application for a stay petitioner has presented voluminous affidavits and has set forth specific objections to the determination made by the Commission. Affidavits of the Chairman and one of the Commissioners have also been presented to the court.

The Public Service Commission is a fact-finding body. It is the rate-making body of this State. After protracted hearings covering a period of about four years it has determined that the electric rates to be charged by petitioner should be reduced and its order of December 18, 1935, sets forth the amount of such reduction and prescribes the final rates which petitioner may charge its consumers. All of the elements which should properly be included in arriving at a rate base were considered by the Commission. A vast amount of evidence was received and the Commission found as a fact that the consumers were entitled to and should receive a reduction in electric rates and made its order accordingly. The Commission also found that the ordered reduction would still allow to the petitioner a rate of return in excess of six per cent upon its property used and useful in the public service.

This court is now called upon to stay the order of the Commission on the theory that there are substantial questions of law which should be reviewed by the Appellate Division, and that great and irreparable injury to the petitioner will result in the event that this court refuses such stay. Granted that an application such as here made does not require this court to determine the merits of the proceeding, it does call for the exercise of sound judicial discretion. Obviously, any substantial reduction in rates will decrease petitioner's earnings. This would be true of a reduction of rates or charges of any public utility. Likewise it may be assumed that it will be quite impossible for petitioner to recover back from all of its consumers the difference between the amount paid under the reduced rates and the amount which it would be entitled to receive under its old rates in the event that the Appellate Division shall reverse the Commission's order.

This would result in a money loss to this petitioner or any other public utility. However, if it is the petitioner's contention that by reason thereof a stay of the Commission's order should be granted in every case where a reduction in rates has been ordered, then for the purpose of establishing utility rates, the judgment of the court and not that of the Commission must be accepted. If that be the law, the court and not the Commission should fix the amount to be charged. On such theory it must be found that as a rate-making body the Commission has outlived its usefulness. I am unable to subscribe to such proposition. To give such legal construction to the statute is untenable.

In *Matter of Upstate Telephone Co. of New York* v. *Maltbie* (154 Misc. 512; affd., 243 App. Div. 848) this court refused a similar application for a stay in a rate case. The order denying the stay was affirmed by the Appellate Division, Third Department. In

that case the reduction in rates produced a very considerable reduction in revenue and if, upon certiorari, the order of the Commission were annulled upon the merits, the company would have suffered irreparable damage in that it would not be practical to recover from each of its consumers the difference between the rate charged under such annulled order and the rates which would have been charged had the enforcement of the Commission's order been stayed. Nevertheless, the Appellate Division by a unanimous court sustained the order of the Special Term which denied the stay.

The provisions of subdivision 2 of section 23 of the Public Service Law clearly set forth the requirements on which the court may base its findings in granting a stay of the Commission's order pending a review. An application such as here made does not require a determination by the court on the merits, but it does require the exercise of sound judicial discretion and such discretion should be exercised only upon a finding that the petitioner has made a *prima facie* case and is entitled to interlocutory relief. (*Public Service Commission of Wisconsin* v. *Wisconsin Telephone Co.*, 289 U. S. 67; *Phœnix Ry. Co.* v. *Geary*, 239 id. 277.)

The function of the Commission and the function of the court are separate and distinct and neither should invade the other's sphere of action. It is the function of the Commission to determine whether the petitioner is receiving a fair return upon the property devoted to the public service. (*McCardle* v. *Indianapolis Water Co.*, 272 U. S. 400; *Matter of Peoples Gas & Electric Co.* v. *Public Service Commission*, 214 App. Div. 108; *Niagara Falls Power Co.* v. *Water Power & Control Commission*, 267 N. Y. 265, 278.)

On this application the court is called upon to make a factual determination on the same evidence presented before the Commission, thereby substituting its judgment for that of the State's rate-making body. It is presumed that the order of the Commission reducing petitioner's rates was warranted from the evidence. (*Des Moines Gas Co.* v. *Des Moines*, 238 U. S. 153; *Ex Parte Young*, 209 id. 123; *Trustees of Saratoga* v. *Saratoga Gas Co.*, 122 App. Div. 203.) It is also presumed that the Commission is a fact-finding body possessing technical qualifications as to matters not within the special knowledge of the courts.

In *Niagara Falls Power Co.* v. *Water Power & Control Commission* (*supra*) Judge FINCH, writing for the court, has this to say: " As there was evidence before the Commission bearing upon the reasonable value or rental value for the use of this water, neither the Appellate Division nor this court has any power to reconsider the question. No doubt much administrative law has grown up in this State and

in this country in response to the development of the public utility resources, but, unless these administrative agencies act arbitrarily and beyond their powers, the courts should not interfere. We have no special knowledge which enables us to deal with these matters. On the other hand, the Commission is a fact finding body of presumed technical qualifications. The Power Commission has been intrusted by the Legislature to deal with these specialties and as long as they act in accordance with the due administration of law by affording a hearing, taking evidence and giving their judgment or award, we cannot, nor must the Appellate Division, interfere with their conclusion."

This petitioner has been afforded a full and complete hearing and consideration has been given to all of the elements which should properly be considered in arriving at a rate base. The evidence presented required the exercise by the Commission of sound judgment and a determination of the facts based on such evidence in order that fair and reasonable rates might be prescribed. During the proceeding before the Commission there appears to have arisen sharp controversies as to facts, controversies as to values and controversies as to depreciation and the amount of return. These controversies produced questions of fact and called for a determination of the Commission based upon all of the evidence. This court should not interfere with the judgment of the Commission unless it shall find that the Commission acted in an unreasonable, arbitrary or capricious manner and from the evidence made such a finding that would warrant a trial court setting it aside if it were a verdict of a jury. That the reduced rates prescribed by the Commission will reduce the revenues of the company is conceded, but the Legislature has designated the Commission as the body to make just and reasonable rates that will yield a fair return, and as no substantial question of law is here presented, nor any showing made by petitioner that in any wise indicates that the determination of the Commission is unreasonable, arbitrary or capricious, this court should not interfere. It is not for the court to substitute its judgment for that of the Commission as to questions of fact. The function of the Commission is comparable to the function of the jury. Both are required to determine facts from the evidence. The finding of facts by the Commission should not be disturbed unless the fact found is against the weight of evidence or contrary to law. (*Niagara Falls Power Co.* v. *Water Power & Control Commission, supra.*)

This court should exercise discretion only upon a finding that the petitioner has made such *prima facie* case as would warrant interlocutory relief. (*Public Service Commission of Wisconsin* v. *Wis-*

*consin Telephone Co., supra.*) Mr. Chief Justice HUGHES wrote for the court and a portion of that opinion in regard to the granting of a stay of an order of the State Commission authorized to fix rates seems pertinent here. " While an application for an interlocutory injunction does not involve a final determination of the merits, it does involve the exercise of a sound judicial discretion. That discretion can be exercised only upon a determination, in the light of the issues and of the facts presented, whether the complainant has made, or has failed to make, such a showing of the gravity of his complaint as to warrant interlocutory relief. Thus, if the issue is confiscation, the complainant must make a factual showing of the probable confiscatory effect of the statute or order with such clarity and persuasiveness as to demonstrate the propriety in the interest of justice, and in order to prevent irreparable injury, of restraining the State's action until hearing upon the merits can be had. *Phœnix Ry. Co.* v. *Geary*, 239 U. S. 277, 281; *Gilchrist* v. *Interborough Rapid Transit Co.*, 279 U. S. 159. The result of the court's inquiry into the issues and into the facts presented upon the interlocutory application, in order to satisfy itself as to the gravity of complainant's case and the probable consequences of unrestrained enforcement of the statute or order, should be set forth by the court in a statement of the facts and law constituting the grounds of its decision."

The petitioner points out *Brooklyn Union Gas Co.* v. *Maltbie* (266 N. Y. 659) as authority for a stay and suspension of the Commission's orders. That was a case involving temporary rates, and Judge LOUGHRAN, then presiding at the Special Term, granted the motion and entered an order which made a specific finding that if upon certiorari the order of the Commission were annulled upon the merits, the petitioner would suffer irreparable damage in that it would not be practical to recover from each of its large number of consumers the difference between the rates charged under such annulled order and the rates which would have been charged had the enforcement of the Commission's order been stayed. There is no reason to believe that Judge LOUGHRAN predicated his order on any different theory than set forth in his decision in *Queens Borough Gas & Electric Co.* v. *Maltbie* (152 Misc. 47). There he pointed out that the questions presented to the Appellate Division for review were substantial questions and " involved considerations of the general power of the Commission; of the true basis for exercise of the power when it exists; of the propriety of the Commission's action in this specific instance; and of the extent to which a general economic condition may be regarded by the Commission as in lieu of a specific showing of particular conditions in the territory served by the industry to be regulated."

In *Matter of New York Edison Co.* v. *Maltbie* (150 Misc. 200) this court granted a stay of the Commission's order fixing temporary rates pending a review by certiorari and held that the formula adopted by the Commission for the purpose of arriving at a determination of the amount. of reduction of rates was sanctioned neither by statute nor judicial proceeding. There a material question of law was involved. But the petitioner here does not seek a review of an order of the Commission establishing temporary rates as the result of some method or formula which would not allow of the complete consideration of all matters which should be considered in arriving at a permanent rate. On the contrary, the order fixes permanent rates after the close of a protracted hearing. Again, in *Matter of Rockland Light & Power Co.* v. *Maltbie* (148 Misc. 22; affd., 241 App. Div. 122) this court determined that proper evidence had been excluded by the Commission. There, also, a material question of law was presented which warranted the granting of a stay, but in the present application the Commission received and considered all of the evidence presented. Petitioner has made no factual showing that the methods used by the Commission were improper, that there was a refusal to receive relevant evidence or that any substantial question of law is involved. The proceeding before the Commission covered a period of approximately four years and from the facts presented to it the Commission established a rate base and determined as a fact that the company would receive something more than a six per cent return on its property used and useful in the public service. It has not been demonstrated that the action of the Commission in fixing these permanent rates was unreasonable, arbitrary or capricious, nor that the issues involved present a question of law. As before stated, this court is not required to pass upon the merits of the errors alleged in determining whether a stay should be granted, but, as pointed out by the Court of Appeals, the Commission is a fact-finding body presumed to have certain technical qualifications and has been designated by the Legislature to make lawful rates for utility companies and as long as the Commission acts in accordance with the due administration of law by affording proper hearings, the courts will not interfere with their conclusion.

The petitioner here has presented no evidence that would warrant this court in the exercise of sound judicial discretion granting the relief prayed for. It has failed to make such a " factual showing of the probable confiscatory effect of the statute or order with such clarity and persuasiveness " as to require the granting of a stay in the interest of justice. The petitioner has been given a fair opportunity to present its evidence. On this application this court

cannot find that there are material questions which should be considered by the Appellate Division. There is nothing in the evidence which indicates that petitioner presents a real issue and that there is some reasonable cause to believe it may succeed and that if the Commission is not enjoined from enforcing its order, great and irreparable damage will result in the event that the Appellate Division decide that the Commission was in error.

I am not unmindful of the decision recently handed down by the Appellate Division, Third Department, in *Matter of New Rochelle Water Co.* v. *Maltbie* (248 App. Div. 66). In that proceeding the court found that in arriving at the amount of accrued depreciation the Commission disregarded the testimony of all of the witnesses and made its own estimate of depreciation upon its own formula of straight line computation. We have no such situation here. In the *New Rochelle Water Co.* case the court held that the finding of the Commission as to depreciation was not based on the evidence but was a mere paper calculation unsupported by any proof. In the instant proceeding there is ample testimony in the record to indicate that the Commission took into consideration all of the elements that should be considered in arriving at the amount of the accrued depreciation and that its determination of the amount of such accrued depreciation was its finding of fact, based on competent testimony. In other words, the finding was based on the evidence and was not a mere paper calculation unsupported by proof, as determined by the court in the *New Rochelle Water Co.* case.

Subdivision 2 of section 23 of the Public Service Law provides that any order of this court suspending any rate or charge fixed by the Commission shall contain a specific finding, based upon evidence submitted to the court and identified by reference thereto, that great and irreparable damage would otherwise result to the petitioner and specifying the nature of the damage. This court is unable to make such a specific finding.

The application for a stay is denied, with fifty dollars costs.