RAILROAD COMMISSION OF WISCONSIN et al. v.
MAXCY, RECEIVER.

No. 301.   Argued March 6, 1930.—Decided March 12, 1930.

*Mr. Suel O. Arnold,* Assistant Attorney General of Wisconsin, with whom *Mr. John W. Reynolds,* Attorney General, was on the brief, and *Mr. Adolph Kanneberg* for appellants.

*Messrs. H. L. Butler, H. H. Thomas, B. H. Stebbins, R. M. Stroud* and *R. M. Rieser* were on the brief for respondent.

Per Curiam.

This is an appeal from the decree of the District Court, composed of three judges as required by the statute, enjoining the appellants from enforcing an order of the Railroad Commission of Wisconsin fixing rates to be charged by the receiver of the Washburn Water Works Company for supplying water. The District Court gave no opinion and, aside from the general recital in the decree that the court had considered the evidence submitted by the parties and that it appeared therefrom that the

valuation fixed by the Railroad Commission of the property of the Company for rate making purposes was not supported, the record contains no finding whatever by the District Court.

This Court has repeatedly adverted to the importance in a suit of this character of a statement by the District Court of the grounds of its decision. *Virginian Railway Company* v. *United States*, 272 U. S. 658, 674, 675; *Lawrence, et al.* v. *St. Louis-San Francisco Railway Company*, 274 U. S. 588, 596; *Cleveland, etc. Ry. Co.* v. *United States*, 275 U. S. 404, 414; *Baltimore & Ohio Railroad Company* v. *United States*, 279 U. S. 781, 787.

In *Lawrence, et al.* v. *St. Louis-San Francisco Railway Company, supra,* the court said: " The importance of an opinion to litigants and to this Court in cases of this character was pointed out in *Virginian Ry. Co.* v. *United States,* 272 U. S. 658, 675. The importance is even greater where the decree enjoins the enforcement of a state law or the action of state officials thereunder. For then, the respect due to the State demands that the need for nullifying the action of its legislature or of its executive officials be persuasively shown."

In the present instance this Court should have the aid of appropriate findings by the District Court of the facts which underlie its conclusions.

The decree is set aside, and the cause is remanded to the District Court, specially constituted as provided by the statute, to state its findings of fact and conclusions of law and enter a decree thereon, the restraining order entered in this suit to be continued pending further action by the District Court.

*Decree set aside.*