PUBLIC SERVICE COMMISSION OF WISCONSIN ET AL. *v.* WISCONSIN TELEPHONE CO.

No. 517.  Argued March 15, 1933.—Decided March 27, 1933

Mr. Alvin C. Reis, with whom Mr. James E. Finnegan, Attorney General of Wisconsin, was on the brief, for appellants.

Mr. Edwin S. Mack, with whom Messrs. Arthur W. Fairchild, J. Gilbert Hardgrove, Frederic Sammond, and Charles M. Bracelen were on the brief, for appellee.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

This is an appeal from a decree of the District Court, composed of three judges, granting an interlocutory injunction which restrained the enforcement of an order of the Public Service Commission of Wisconsin reducing telephone rates. 28 U.S.C., § 380.

In July, 1931, the Public Service Commission of Wisconsin instituted a statewide investigation of the rates, rules, services and practices of the Wisconsin Telephone Company. While hearings in this investigation were in progress, and on June 30, 1932, the Commission issued an "interlocutory" order reducing the rates for "exchange" service, that is, rates for local service within a single exchange, by 12½ percent. The Commission found that the existing rates were unjust and unreasonable and that the reduced rates would be just and reasonable to be applied for a temporary period. The rates were to be effective for one year from July 31, 1932, the Commission retaining jurisdiction to modify its order at any time for cause shown. The Commission rendered an elaborate opinion (154 printed pages) setting forth the "reasons and facts" underlying its findings.

On July 28, 1932, the Company brought this suit to restrain the enforcement of the prescribed rates and two days later the District Judge made a temporary restraining order. Application for an interlocutory injunction was heard by three judges on September 21, 1932. The hearing was upon the pleadings and voluminous affidavits making a record of several hundred pages. On the same day, after argument, the court announced its decision granting the injunction upon the giving of a bond for $1,000,000 and meanwhile continuing the temporary restraining order. The decree for injunction was entered on October 18, 1932, and contained a general statement that the rates prescribed by the Commission's order " would result in the confiscation of the property " of the complainant, would deprive it of its property " without compensation and without due process of law," and that there would be irreparable injury if an interlocutory injunction were not issued.

No opinion was rendered by the District Court and, apart from the general statement above mentioned, the court made no findings. Not only did the court fail to set forth the facts pertinent to a conclusion that an interlocutory injunction should issue, but the court declared that the prescribed rates were confiscatory without any findings warranting such a conclusion. Appellee moves to affirm the decree. Appellants, resisting the motion, contend that the District Court abused its discretion and that the decree should be reversed, or at least should be set aside and the cause remanded for findings of fact and conclusions of law.

We have repeatedly emphasized the importance of a statement of the grounds of decision, both as to facts and law, as an aid to litigants and to this Court. While it is always desirable that an appellate court should be adequately advised of the basis of the determination of the

.court below, we have pointed out that it is particularly important that this basis should appear when the decree enjoins the enforcement of a state law or the action of state officials under that law. *Virginian Ry. Co.* v. *United States*, 272 U.S. 658, 675; *Lawrence* v. *St. Louis-San Francisco Ry. Co.*, 274 U.S. 588, 596; *Hammond* v. *Schappi Bus Line*, 275 U.S. 164, 171, 172; *Railroad Commission*.v. *Maxcy*, 281 U.S. 82, 83. " For then, the respect due to the State demands that the need for nullifying the action of its legislature or of its executive officials be persuasively shown." These reasons exist, and are not the less imperative, when the injunction is interlocutory. *Lawrence* v. *St. Louis-San Francisco Ry. Co., supra.* It was to insure careful and deliberate action · upon such interlocutory applications that the Congress has required that they should be heard before three judges. That requirement applies only when an interlocutory injunction is sought. *Stratton* v. *St. Louis Southwestern Ry. Co.*, 282 U.S. 10, 15.

It is true, as the appellee contends, that the terms of Equity Rule 70½, relating to decisions of suits in equity, apply to decisions upon final hearing and do not embrace decisions upon interlocutory applications. But the duty of the court in dealing with interlocutory applications, to which this Court had previously directed attention, was not altered by the adoption of that rule. While an application for an interlocutory injunction does not involve a final determination of the merits, it does involve the exercise of a sound judicial discretion. That discretion can be exercised only upon a determination, in the light of the issues and of the facts presented, whether the complainant has made, or has failed to make, such a showing of the gravity of his complaint as to warrant interlocutory relief. Thus, if the issue is confiscation, the complainant must make a factual showing of the probable confiscatory effect of the statute or order with such clarity and per-

suasiveness as to demonstrate the propriety in the interest of justice, and in order to prevent irreparable injury, of restraining the State's action until hearing upon the merits can be had. *Phoenix Ry. Co.* v. *Geary,* 239 U.S. 277, 281; *Gilchrist* v. *Interborough Rapid Transit Co.,* 279 U.S. 159, 207; *Ohio Oil Co.* v. *Conway,* 279 U.S. 813, 815. The result of the court's inquiry into the issues and into the facts presented upon the interlocutory application, in order to satisfy itself as to the gravity of complainant's case and the probable consequences of unrestrained enforcement of the statute or order, should be set forth by the court in a statement of the facts and law constituting the grounds of its decision. While that decision is not on the merits and does not require the findings of fact and conclusions of law which would be appropriate upon final hearing, the court should make the findings of fact and conclusions of law that are appropriate to the interlocutory proceeding.

That duty the court below failed to perform in the instant case and we are not called upon, unaided by opinion or findings, to search this voluminous record to find a basis for the court's decree. The decree is accordingly vacated and the cause is remanded to the District Court, as specially constituted, for findings and conclusions appropriate to a decision upon the application for an interlocutory injunction, the temporary restraining order to remain in force pending that determination.

*Decree vacated and cause remanded.*