SIANO v. HELVERING, Com'r of Internal Revenue, et al.

No. 5852.

Circuit Court of Appeals, Third Circuit.

Aug. 9, 1935.

Frederic M. P. Pearse and George R. Sommer, both of Newark, N. J., for appellant.

Samuel Cohen, of Newark, N. J., and Harlan Besson, U. S. Atty., of Trenton, N. J., for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the District of New Jersey denying a mandatory injunction. The appellant filed a bill in equity, praying that the appellees be directed to reinstate the appellant's permit for engaging in the business of manufacturing products of specially denatured alcohol, and for the withdrawal of specially denatured alcohol. The permit was revoked by the appellees on two grounds: The alleged failure by the appellant to comply with section 603 of.the Revenue Act of 1932 (26 USCA §§ 3601–3629 note), and the alleged sales by the appellant of more than fifteen gallons of lilac vegetal a month to one customer, in violation of the terms of the permit. A hearer made findings of fact and recommended that the permit be revoked. The order of the District Court contains a recital of the proceedings leading up to the order, and then reads:

"The Court having heard and considered the argument of counsel and the record and being of the opinion that the action of the Supervisor was not arbitrary and capricious, but was sustained by the record, and that there is evidence in the said record to support the findings made by the hearer upon which the said revocation was based,

"It is on the 10th day of May, 1935, Ordered that the prayers of the complainant be denied, and that the action of the Supervisor in revoking the said permit be, and the same is hereby sustained."

The above-quoted order cannot be construed as a compliance by the District Court with Supreme Court Equity Rule 70½ (28 USCA following section 723). That rule provides:

' "In deciding suits in equity, including those required to be heard before three judges, the court of first instance shall ·find the facts specially and state separately its conclusions of law thereon; and its findings.and conclusions shall be entered of record and, if an appeal is taken from the decree, shall be included by the clerk in the record which is certified to the appellate court under rules 75 and 76."

The District Court made no findings of fact or conclusions of law. The Supreme Court has repeatedly emphasized the importance of statements by District Courts of the grounds of their decisions, covering both facts and law, even in the absence of a rule. Public Service Commission v. Wisconsin Telephone Co., 289 U. S. 67, 53 S. Ct. 514, 77 L. Ed. 1036. See cases cited on this point in Los Angeles Gas & Electric Co. v. R. R. Commission, 289 U. S. 287, 327, 53 S. Ct. 637, 77 L. Ed. 1180. After the promulgation of Equity Rule 70½ (28 USCA following section 723), the Supreme Court said in State Board of Tax Commissioners v. Jackson, 283 U. S. 527, 533, 51 S. Ct. 540, 542, 75 L. Ed. 1248, 73 L. Ed. 1464:

"The District Court failed to make findings of fact and law as now required by Equity Rule 70½ (28 USCA § 723), but contented itself with a partial summary of the facts and certain general conclusions of law. Had the rule been in force at the time of the trial, we should feel constrained to remand the case with directions to make such findings."

In the instant case the order was entered May 10, 1935, more than four years after October 1, 1930, the effective date of the rule. Applying the plain intent of the rule to the instant case, we feel constrained to remand the case, with directions to make findings of fact and law.

446

The parties filed in this court numerous original affidavits which were not introduced in evidence before the District Judge. The apparent purpose is to have this court make findings of fact based upon such affidavits. We find no statute granting the Circuit Courts of Appeals original jurisdiction upon appeal in causes in equity, to make findings of fact based on affidavits which were not in evidence before the court below. A contrary ruling would result in our trying the instant case, although it is before us on appeal and not for trial.

The order is vacated, and the cause remanded for further proceedings in accordance with this opinion.