## CLARKE v. GOLD DUST CORPORATION.
### No. 6233.

Circuit Court of Appeals, Third Circuit.

June 23, 1937.

Wm. C. Kronmeyer, of Union City, N. J. (Edward R. McGlynn, of Newark, N. J., of counsel), for appellant.

George W. C. McCarter, of Newark, N. J., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BIGGS, Circuit Judge.

This is an appeal from an order of the District Court of the United States for the District of New Jersey dismissing the amended bill of complaint filed by the plaintiff-appellant against the defendant-appellee, Gold Dust Corporation, alleging certain grievances arising out of a merger between that company and American Linseed Company, and praying, inter alia, that the consolidation or merger between the two companies be found to be void in so far as it affects the appellant. The learned District Judge made no findings of fact or conclusions of law as required by Equity Rule 70½ of the Equity Rules of the Supreme Court (28 U.S.C.A. following section 723).

In the case of Siano v. Helvering, 79 F.(2d) 444, 445, this court held:

"The District Court made no findings of fact or conclusions of law. The Supreme Court has repeatedly emphasized the importance of statements by District Courts of the grounds of their decisions, covering both facts and law, even in the absence of a rule. Public Service Commission v. Wisconsin Telephone Co., 289 U.S. 67, 53 S.Ct. 514, 77 L.Ed. 1036. See cases cited on this point in Los Angeles Gas & Electric Corporation v. Railroad Commission, 289 U.S. 287, 327, 53 S.Ct. 637, 77 L.Ed. 1180. After the promulgation of Equity Rule 70½ (28 U.S.C.A. following section 723), the Supreme Court said in State Board of Tax Commissioners v. Jackson, 283 U.S. 527, 533, 51 S.Ct. 540, 542, 75 L.Ed. 1248, 73 A.L.R. 1464 [75 A.L.R. 1536]:

" 'The District Court failed to make findings of fact and law as now required by Equity Rule 70½ (28 U.S.C.A. § 723), but contented itself with a partial summary of the facts and certain general conclusions of law. Had the rule been in force at the time of the trial, we should feel constrained to remand the case with directions to make such findings.' "

This cause is herewith remanded to the District Court with the direction to proceed in the cause in accordance with this opinion. The solicitors for the respective parties should submit their requests for findings of fact and conclusions of law to the court below.