## BROWN v. QUINLAN, Inc.

### No. 8316.

Circuit Court of Appeals, Seventh Circuit.

Oct. 20, 1943.

Geo. J. Burke and Thomas I. Emerson, both of Washington, D. C., John F. Manierre, Alex Elson, and Robt. B. Johnstone, all of Chicago, Ill., and David London, Fleming James, Jr., Chief, Litigation Branch, and A. M. Dreyer, all of Washington, D. C., Attys. for Office of Price Administration, for appellant.

Joseph T. Harrington, of Chicago, Ill., for appellee.

Before SPARKS, MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff appeals from a judgment denying his application for an interlocutory injunction. The complaint averred that since December 16, 1942, defendant had sold and delivered certain beef and veal at prices in excess of the maximum prices therefor established under the provisions of Revised Maximum Price Regulation No. 169 of the Office of Price Administration, as amended. Defendant answered, denying that it had violated the regulations. The motion for preliminary injunction contained substantially the same averments of violation as the complaint and was accompanied by an affidavit of an investigator of the Office, setting up detailed figures of invoices issued by defendant said to show overcharges as averred. At the hearing thereon, oral and documentary evidence was presented and at the conclusion, the court announced that the plaintiff's evidence was "quite meager"; that defendant had enjoyed a good reputation; that it was difficult to follow the regulations in every minute detail and, finally, that it was the court's impression that defendant had endeavored to comply with the ceilings. No findings of fact or conclusions of law were, entered. Apparently of its own motion, the court, in addition to denying the injunction, dismissed the complaint.

Plaintiff asserts error by the District Court in denial of a preliminary injunction, in dismissing the complaint, in failing to make findings of fact or conclusions of law and, specifically, in failing to determine as a fact whether defendant had sold meats as charged in excess of the maximum price therefor as established by the Office of Price Administration.

■ Obviously there was presented to the District Court a sharply drawn issue of fact going to the very essence of the complaint, namely, whether defendant had knowingly violated the regulations as charged. Upon the existence or nonexistence of this fact depended almost entirely the propriety of the court's disposition of the motion. Under Rule 52(a) of the Federal Rules of Procedure, it is the trial court's duty to make findings of fact and conclusions of law. As the Supreme Court said in Mayo, Commissioner, etc., v. Lakeland Highlands Canning Co., 309 U.S. 310, at page 316, 60 S.Ct. 517, at page 520, 84 L.Ed. 774, "It is of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction that there should be fair compliance with Rule 52 (a) of the Rules of Civil Procedure." There the court reversed and remanded, directing that any action taken by the court should be "upon findings of fact and conclusions [of law]" founded upon the evidence, in accord with Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Similar were the orders of Courts of Appeal in the following cases: Ordinary v. United States F. & G. Co., 3 Cir., 136 F.2d 536; City of Sumter v. Spur Distributing Co., 4 Cir., 110 F.2d 649. In an earlier case involving the requirements of former Equity Rule 70½, 28 U.S.C.A. § 723 Appendix, of import similar to that of Rule 52(a), 28 U.S.C.A. following section 723c, in Public Service Comm. v. Wisconsin Telephone Co., 289 U.S. 67, at page 70, 53 S.Ct. 514, at page 515, 77 L.Ed. 1036, the court said: "While an application for an interlocutory injunction does not involve a final determination of the merits, it does involve the exercise of a sound judicial discretion. That discretion can be exercised only upon a determination, in the light of the issues and of the facts presented, whether the complainant has made, or has failed to make, such a showing of the gravity of his complaint as to warrant interlocutory relief." The court

reversed for findings of fact and conclusions of law appropriate to a decision upon the application for interlocutory injunction. In Railroad Commission v. Maxey, 281 U.S. 82, 83, 50 S.Ct. 228, 74 L.Ed. 717, and Polk Co. v. Glover, 305 U.S. 5, 59 S. Ct. 15, 83 L.Ed. 6, the Supreme Court reversed with similar directions. So here we have preserved for our consideration, in determination of the parties' rights, no finding of fact or conclusion of law to disclose whether the District Court found that plaintiff had made out a case by showing violation of the regulations or whether it found that plaintiff had failed to prove the fact.

■ In entering its order disposing of the application for temporary injunction, the District Court proceeded to dismiss the complaint without any hearing upon the merits. We assume that the court indulged the presumption that the evidence would be the same upon final hearing. Such an assumption was unjustified, for the parties had not stipulated that fact; nor had defendant waived its right to present additional evidence upon final hearing on the merits. Consequently the court could not properly thus finally dispose of the litigated issues. In Public Service Comm. v. Wisconsin Telephone Co., supra, the court expressly announced that the hearing upon application for an interlocutory injunction does not involve a final disposition of the merits. The rule ordinarily controlling upon application for interlocutory injunction and that abiding upon hearing upon the merits are different. Under the one, the court is called upon to exercise sound discretion in determining whether unusual and extraordinary relief shall be granted temporarily. Under the other the court passes finally upon the litigated questions of fact and issues of law. Consequently, a decision granting or refusing a preliminary injunction is not conclusive upon either the court or the parties, on the subsequent disposition of the cause by final judgment. To effect an involuntary termination of a suit requires, in the absence of waiver of final hearing, a hearing upon a motion for summary judgment or to dismiss the complaint. No such hearing was had. The complaint on its face was sufficient and it was error, therefore, finally to dispose of the cause without final hearing.

The judgment is reversed with directions to vacate the judgment dismissing the cause on the merits and to take action

upon the application for temporary injunction upon appropriate findings of fact and conclusions of law as required by Rule 52(a).

Defendant has moved to dismiss the appeal on the ground that the issues have become moot. We shall make no finding upon this application and the reversal shall be without prejudice to the right of defendant to present and of the District Court to decide such issue.