**MARLBOROUGH CORPORATION v. UNITED STATES.**

**No. 11881.**

United States Court of Appeals Ninth Circuit.

Feb. 23, 1949.

Thomas R. Dempsey, Wellman P. Thayer, Arthur H. Deibert, and William L. Kumler, all of Los Angeles, Cal., for appellant.

Theron L. Caudle, Asst. Atty. Gen., George A. Stinson, Ellis N. Slack, Philip R. Miller, and Austin Hoyt, Sp. Assts. to Atty. Gen. (James M. Carter, U. S. Atty., and George M. Bryant, Asst. U. S. Atty., both of Los Angeles, Cal., of counsel), for appellee.

Before MATHEWS and STEPHENS, Circuit Judges, and DRIVER, District Judge.

MATHEWS, Circuit Judge.

The Commissioner of Internal Revenue determined that there were deficiencies of $3,389.55 and $6,036.49 in respect of the income taxes of appellant, Marlborough Corporation, for its taxable years ending August 31, 1939, and August 31, 1940. These amounts were collected from appellant. Alleging that they were illegally collected, appellant claimed refunds and, its claims having been denied, brought an action in the District Court against appellee, the United States, for the recovery of these amounts. Appellee answered, a trial was had, and a judgment was entered in favor

788

of appellee.[1] This appeal is from that judgment.

Of the $6,036.49 mentioned above, only $5,112.03 is involved here, appellant having abandoned its claim to the remaining $924.46. The $5,112.03 and the $3,389.55 mentioned above were collected as surtaxes under 26 U.S.C.A. § 102, which at all pertinent times provided:

"(a) Imposition of tax. There shall be levied, collected, and paid for each taxable year (in addition to other taxes imposed by this chapter)[2] upon the net income of every corporation (other than a personal holding company as defined in section 501 or a foreign personal holding company as defined in Supplement P)[3] if such corporation, however created or organized, is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders or the shareholders of any other corporation, through the medium of permitting earnings or profits to accumulate instead of being divided or distributed, a surtax equal to the sum of the following:

"25 per centum of the amount of the undistributed section 102 net income[4] not in excess of $100,00, plus

"35 per centum of the undistributed section 102 net income in excess of $100,000.

"(b) Prima facie evidence. The fact that any corporation is a mere holding or investment company shall be prima facie evidence of a purpose to avoid surtax upon shareholders.

"(c) Evidence determinative of purpose. The fact that the earnings or profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid surtax upon shareholders unless the corporation by the clear preponderance of the evidence shall prove to the contrary."

In this case, issues of fact were raised. Two such issues were (1) whether, in its taxable year ending August 31, 1939, appellant's earnings and profits were permitted to accumulate beyond the reasonable needs of its business, and (2) whether, in its taxable year ending August 31, 1940, appellant's earnings and profits were permitted to accumulate beyond the reasonable needs of its business. On these two issues, no findings were made.[5]

Therefore the judgment is vacated, and the case is remanded to the District Court with directions to make findings on the two issues mentioned above and thereupon to enter such judgment as may be proper.

---

[1] The judgment was that appellant take nothing, and that appellee recover costs of appellant.

[2] 26 U.S.C.A. §§ 1–476.

[3] 26 U.S.C.A. §§ 331–340.

[4] See subsection (d) of § 102.

[5] See Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.