### TIMMONS v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 6438.

United States Court of Appeals
Fourth Circuit.

Argued June 17, 1952.

Decided July 23, 1952.

Annie Mary Timmons, pro se.

Maryhelen Wigle, Sp. Asst. to the Atty. Gen. (Ellis N. Slack, Acting Asst. Atty. Gen., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to review a decision of the Tax Court relating to income tax assessed against one Annie Mary Timmons for the years 1941, 1942 and 1943. Taxpayer was engaged in the rental of apartments at Columbia, S. C. She reported net operating loss of $1298.96 for the year 1941, net income of $939.05 for 1942 and net income of $1863.20 for the year 1943. She kept no books and refused to aid the government agents in any way in ascertaining her true income. The Commissioner of Internal Revenue assessed against her deficiencies of $1874.47 for 1941, $6885.92 for 1942 and $18,403.11 for 1943, with a five per cent negligence penalty for 1941 and fifty per cent fraud penalties for 1942 and 1943. The Tax Court held that the inaccuracies in her returns were due to inadequate records and relieved her of the fraud penalties assessed, but affirmed the Commissioner's assessment of deficiencies.

■ It appears that the deficiencies were arrived at by allowing taxpayer the deductions claimed by her but increasing gross income by the sum of $6550 for the year 1941, $19,846 for the year 1942 and $36,457 for the year 1943. The issue for determination by the Tax Court was whether the Commissioner in making the deficiency assessments, "correctly reconstructed the amount of petitioner's gross income from rentals for the years 1941, 1942 and 1943". The court has made no findings of fact with regard to this matter, however, and the Commissioner has set forth no such facts in his deficiency letters. It is, manifestly, not sufficient that we be told merely that the "tax agents reconstructed her income as best they could". The court should have found the facts upon which the reconstruction was based so that we could judge whether or not it was properly made. It is well settled that "there must be findings, stated either in the court's opinion or separately, which are sufficient to indicate the factual basis for the ultimate conclusion." Kelley v. Everglades Drainage Dist., 319 U.S. 415, 420–422, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485; Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774; Interstate Circuit Co. v. United States, 304 U.S. 55, 58 S.Ct. 768, 82 L.Ed. 1146; Public Service Commission v. Wisconsin Tel. Co., 289 U. S. 67, 53 S.Ct. 514, 77 L.Ed. 1036; Railroad Commission v. Maxcy, 281 U.S. 82, 50 S.Ct. 228, 74 L.Ed. 717; City of Sumter v. Spur Distributing Co., 4 Cir., 110 F.2d 649; Knapp v. Imperial Oil & Gas Products Co., 4 Cir., 130 F.2d 1, 3; Marlborough Corp. v. United States, 9 Cir., 172 F.2d 787; Steccone v. Morse-Starrett Products Co., 9 Cir., 191 F.2d 197, 200.

■ Gross income might have been reconstructed in a number of ways, as by considering increase in net worth, or by examining bank deposits and withdrawals, along with purchases and sales of property, or by estimating rents received on the basis of rental values and proven occupancy etc. There is nothing in the findings or opinion of the court below, however, from which we can determine what method was used in reconstructing the gross income of taxpayer. We agree, of course, that in making the reconstruction, absolute accuracy of detail is not essential and that it is proper to

estimate income on the basis of facts which indicate its approximate amount; but it is necessary that the court find the facts upon which such estimate is based. Without such finding it is impossible for us to review intelligently the decision of the trial court. We could, of course, retry the case ourselves and wade through the hundreds of pages of testimony and exhibits for the purpose of finding initially the basic and evidentiary facts; but this is a function which can be better performed by the trial court which has had the advantage of seeing and hearing the witnesses.

The decision appealed from will accordingly be vacated and the case will be remanded to the Tax Court with direction to find the facts upon which the conclusions of the court are based, and with leave to hear additional evidence if of opinion that same should be heard.

Vacated and remanded.