**ESTATE of Albert E. MacCROWE, Deceased, James C. L. Anderson, Administrator de bonis non, with the will annexed, and Hazel B. MacCrowe (now Hazel B. Keen), Surviving Wife, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 7216.

United States Court of Appeals Fourth Circuit.

Argued June 20, 1956.

Decided July 17, 1956.

D. Sylvan Friedman, Baltimore, Md., for petitioners.

Dumond P. Hill, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Hilbert P. Zarky, Attys., Dept. of Justice, Washington, D. C., on brief), for respondent.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and TIMMERMAN, District Judge.

PER CURIAM.

This is an appeal from a decision of the Tax Court, adjudging deficiencies in income tax and penalties for the years 1948 and 1949. The taxpayer, a physician now deceased, was engaged in performing illegal abortions. He kept no records of his income and the Commissioner charged him with unreported income of $142,000 for 1948 and $72,000 for 1949. The Commissioner arrived at these figures by estimating the number of patients operated on by the physician on the basis of morphine tablets purchased by him and multiplying this by a charge of $400 per patient. The Tax Court found that the Commissioner's determination was incorrect; but, while finding generally that taxpayer's gross income was $115,000 for 1948 and $55,000 for 1949, did not find the facts upon which this ultimate finding as to gross income was based.

A question was raised as to deductions, and the Tax Court correctly held that taxpayer was not entitled to claim as a deduction attorneys' fees in the sum of $5,000 but made no findings with respect to other deductions, some of which may have been properly allowable under the rule as laid down in Commissioner of Internal Revenue v. Doyle, 7 Cir., 231 F.2d 635.

As said by this court in Timmons v. Commissioner, 4 Cir., 198 F.2d 142, 143:

"The court should have found the facts upon which the reconstruction was based so that we could judge whether or not it was properly made. It is well settled that 'there must be findings, stated either in the court's opinion or separately, which are sufficient to indicate the factual basis for the ultimate conclusion.' * * * We agree, of course, that in making the reconstruction, absolute accuracy of detail is not essential and that it is proper to estimate income on the basis of facts which indicate its approximate amount; but it is necessary that the court find the facts upon which such estimate is based. Without such finding it is impossible for us to review intelligently the decision of the trial court. We could, of course, retry the case ourselves and wade through the hundreds of pages of testimony and exhibits for the purpose of finding initially the basic and evidentiary facts; but this is a function which can be better performed by the trial court which has had the advantage of seeing and hearing the witnesses."

The decision appealed from will accordingly be vacated and the case will be remanded to the Tax Court with direction to find the facts upon which the conclusions of the court are based, and with leave to hear additional evidence and to enter such judgment as upon the facts as found may be appropriate in the premises.

Vacated and remanded.