252 F.2d 293
 58-1 USTC P 9279
 ESTATE OF Albert E. MacCROWE, deceased, James C. L.
Anderson, Administrator, de bonis non, with the
will annexed, and Hazel B. MacCrowe (now
Hazel B. Keen), surviving
wife, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 No. 7549.
 United States Court of Appeals Fourth Circuit.
 Argued Jan. 13, 1958.
Decided Feb. 12, 1958.
 
 D. Sylvan Friedman, Baltimore, Md., for petitioners.
 Joseph Kovner, Atty., Dept. of Justice, Washington, D.C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Joseph F. Goetten, and C. Guy Tadlock, Attys., Dept. of Justice, Washington, D.C., on brief), for respondent.
 Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit judges.
 PER CURIAM.
 
 
 1
 This is the second appeal in the case which was before us in Estate of MacCrowe v. Commissioner, 4 Cir., 240 F.2d 841. On the former appeal, it appeared that the Commissioner had arrived at deficiencies in the reported income of a deceased physician for the years 1948 and 1949 by estimating the number of patients operated on by the physician on the basis of morphine tablets purchased by him and multiplying this by a charge of $400 per patient. This resulted in a total of $192,000 for 1948 and $96,000 for 1949. The Tax Court found these determinations to be incorrect but that the physician's gross income from medical practice was $115,000 for 1948 and $55,000 for 1949, without, however, finding the facts upon which this determination was based. We remanded the case for the Tax Court to find the facts. When the case came on for hearing upon the remand, the judge who had originally heard the case had retired from the court, and another judge heard it. He evidently misinterpreted our opinion as calling for findings in support of the prior determination and proceeded to make one additional finding as to the number of morphine tablets purchased by the physician and as to the physician's care in not losing any of them. We find, however, the same defect in the determination of gross income from medical practice as when the case was originally before us. The income as determined by the Commissioner on the basis of morphine tablets purchased and $400 charge per patient is still $192,000 for 1948 and $96,000 for 1949: neither of these amounts is accepted by the Tax Court; any presumption as to the correctness of the Commissioner's determination is accordingly out of the case; and the Tax Court has made no findings whatever upon which its determination of gross income of $115,000 and $55,000 from medical practice can be supported, nor does it give any reason for the figures at which it arrives.
 
 
 2
 Under the circumstances there is nothing to do but remand the case again to the Tax Court to find the facts, with full power to go into the case de novo and make findings, either on the evidence already taken or on further evidence, without feeling bound in any way by the determination heretofore made. Judgments in tax cases, as in other cases, must have a reasonable basis on facts duly found by the court; and we cannot regard the method based on morphine tablets purchased by a physician as furnishing an adequate basis for assessment of his income tax, especially when this method is rejected by the Tax Court itself. Such evidence is, of course, competent as evidence of circumstances to be considered along with other evidence in the case in arriving at income.
 
 
 3
 The judgment of the Tax Court will be vacated and the case will be remanded for further proceedings not inconsistent herewith.
 
 
 4
 Vacated and remanded.