**INTERSTATE COMMERCE COMMIS-
SION, Plaintiff-Appellant,**

v.

**CARDINALE TRUCKING CORPORA-
TION, Defendant-Appellee.**

**No. 13918.**

United States Court of Appeals
Third Circuit.

Argued May 11, 1962.

Decided Sept. 28, 1962.

As Amended Oct. 1, 1962.

Larsh B. Mewhinney, Regional Attorney Interstate Commerce Commission, New York City (David M. Satz, Jr., U. S. Atty., Newark, N. J., Bernard A. Gould, Attorney Interstate Commerce Commission, Washington, D. C., Seymour Glanzer, Attorney Interstate Commerce Commission, New York City, on the brief), for petitioner.

Harold Krieger, Jersey City, N. J. (Benjamin Chodash and Krieger & Chodash, Jersey City, N. J., on the brief), for respondent.

Before McLAUGHLIN, STALEY and GANEY, Circuit Judges.

J. CULLEN GANEY, Circuit Judge.

This is an appeal from an order denying plaintiff-appellant's motion, filed Jan-

uary 15, 1960, for an injunction brought pursuant to § 222(b) of the Interstate Commerce Act, 49 U.S.C.A. § 322(b), to restrain defendant-appellee, pendente lite, from transporting property by motor vehicle allegedly beyond the scope of its authority. The substance of plaintiff's complaint in the District Court was that defendant has transported and is still transporting property from points in its radial destination area to other points in those areas, or what is known as "cross-haul movements." This type of transportation, plaintiff claims, is not within the scope of defendant's certificates and permit and therefore contrary to § 206(a) (1) and § 209(a) (1) of the Act.

Defendant, a corporation organized and existing under the laws of New Jersey and maintaining a place of business at Whippany in that State, is both a "common carrier by motor vehicle" and a "contract carrier by motor vehicle" within the meaning of § 203(a) (14, 15) of the Act. It commenced business prior to June 1, 1935, and made application for its so-called "grandfather rights" in 1935. It is the holder of certificate of public convenience and necessity No. MC–17006, dated January 14, 1943, issued pursuant to § 206(a) (1) and (b) of the Act. It is likewise the holder of permit No. MC–3582, granted pursuant to § 209(a) (1) and (b) of the Act, issued October 22, 1943. It received an additional certificate, (No. MC–17006 Sub. 1) on October 14, 1949, and two emergency certificates in 1950 increasing its operating rights. The certificates and permit allowed the defendant to transport commodities between certain radial base areas or places on the one hand and certain radial destination areas or places on the other in eight states.

A full hearing in this matter was held during which oral testimony was taken before the trial judge and exhibits introduced in an attempt to define the areas of operation permitted within the certificates and permit referred to above. The nature and scope of these operations were under question by the plaintiff as early as 1950, as the result of which defendant consulted counsel with respect thereto. Despite the opinion of a representative of plaintiff expressed in a letter on August 15, 1950, to defendant's counsel, the latter advised defendant that the transportation operations in which it was engaged were legal. Later in 1955, some of the operations of defendant were again brought in question by plaintiff, and in response to an inquiry by defendant's counsel, plaintiff stated in an informal opinion that shipments from Baltimore, Maryland, to points in New England were not within the scope of defendant's authority contained in the certificates and permit and, therefore, unlawful. Later on May 1, 1959, the defendant was charged with a criminal information for violating the Act. The charge in the criminal information was the same as is alleged in the complaint in the action here involved. The information was withdrawn on January 8, 1960, on application of the United States Attorney for the District of New Jersey, as authorized by the Attorney General. There is now pending before the plaintiff a "Petition for Reformation of Certificate", filed on January 26, 1960, by defendant, in which it claims that by virtue of its "grandfather rights" under the Act, its operations since June 1, 1935, have been consistent with its operations before that date.

The court below filed no findings of fact nor does its opinion make mention of the necessary crucial findings as required under Rule of Federal Civil Procedure 52(a), 28 U.S.C.A. The only reference to a conclusion of law in the opinion is the statement by the court: "We are of the opinion that under the facts and circumstances of this case the plaintiff is not entitled to a preliminary injunction." However, the correctness of this assertion is dependent upon findings of fact, without which we cannot intelligently approve or disapprove thereof.

█ The disposition of this case is not in conformity with Rule 52(a) of the Rules of Federal Civil Procedure and the

appellate courts have, on numerous occasions, reminded lower courts that it is requisite to comply fully with the Rule. Mayo v. Lakeland Highlands Canning Company, 309 U.S. 310, 316, 60 S.Ct. 517, 520, 84 L.Ed. 774, states: "It is of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction that there should be fair compliance with Rule 52(a) of the Rules of Civil Procedure." And, at p. 317, 60 S.Ct. at p. 520, of the Mayo case, " * * * they [appellants] were entitled to have explicit findings of fact upon which the conclusion of the court was based." In Public Service Commission of Wisconsin v. Wisconsin Telephone Company, 289 U.S. 67, 69, 53 S.Ct. 514, 515, 77 L.Ed. 1036, Chief Justice Hughes declared: "We have repeatedly emphasized the importance of a statement of the grounds of decision, both as to facts and law, as an aid to litigants and to this Court." And further on, at p. 71, 53 S.Ct. p. 515, " * * * we are not called upon, unaided by opinion or findings, to search this voluminous record to find a basis for the court's decree." To the same effect are: Railroad Commission of Wisconsin v. Maxcy, 281 U.S. 82, 83, 50 S.Ct. 228, 74 L.Ed. 717; Kelley v. Everglades Drainage District, 319 U.S. 415, 63 S.Ct. 1141, 87 L.Ed. 1485; Paramount Pest Control Service v. Brewer, 9 Cir., 177 F. 2d 564; Petterson Lighterage & Towing Corporation v. New York Central R. Co., 2 Cir., 126 F.2d 992, 996; McGee v. Nee, 8 Cir., 113 F.2d 543, 546.

▪▪▪ We are not unmindful that "Rule 52(a) should not be construed as if it were a law of the Medes and Persians." Urbain v. Knapp Brothers Manufacturing Company, 6 Cir., 217 F.2d 810, 816, citing Hurwitz v. Hurwitz, 78 U.S.App.D.C. 66, 136 F.2d 796. There the court held that findings of fact are not a jurisdictional requirement on appeal, and that under proper circumstances, it may waive them. There, the record was so clear that the court did not need the aid of findings and the defect was waived on the ground that the error was not substantial in that particular case. However, the court in no wise compromised Rule 52(a) and did say that the duty of the trial court to make findings of fact should be strictly followed.

Accordingly, in view of the necessity which courts have shown, as here indicated, for fair compliance with Rule 52 (a), and, further, in view of the recent admonition of this court in a footnote to Cuneo v. Local 825, International Union of Operating Engineers, 3 Cir., 300 F.2d 832, 833 (March 20, 1962), it now becomes our duty to state that, in the future, unless the court below makes, either in separate, numbered paragraphs, or in its opinion, in conformity with Rule 52(a), clear and concise statements of the ultimate facts of the case, so that both the appellant and this Court are fully apprised of the basis of its judgment, the matter will be forthwith remanded in order that such findings be made.

In order that no undue delay may further ensue, advertence is made to the citation by the court below of Interstate Commerce Commission v. Barron Trucking Company, Inc., 276 F.2d 275, 276 (C.A. 3, 1960), as ruling its decision. A comparison of this case with the instant case indicates that the circumstances there do not conform with our case. In the case cited, the grounds for denying injunctive relief were, as stated by the court at p. 278: "It merely appears that, without legal advice, they simply went on doing, after getting their certificate, what they had done before." Here, on two separate occasions, one as long as twelve years ago, the defendant was involved with the Interstate Commerce Commission concerning the transportation routes it was using and on both occasions, as adverted to previously, was apprised that some of its holdings were unlawful. This is no mere reliance on acquiescence by the Commission of an unlawful operation, but rather a conscious if not studied rejection of the Commission's contentions by one long

familiar with interstate transportation and the necessary requirements for the proper conduct thereof.

The judgment will be vacated and the case will be remanded to the District Court for findings of fact and conclusions of law, with the direction, pending the disposition thereof by it, to issue a temporary restraining order pursuant to the prayer of the plaintiff's complaint.