CHAS. PFIZER & CO., Inc.,

v.

ZENITH LABORATORIES, INC., and Continental Vitamins Corp.

Continental Vitamin Corp., Appellant.

No. 14980.

United States Court of Appeals Third Circuit.

Argued Nov. 9, 1964.

Decided Dec. 8, 1964.

---

1. Fed.R.Crim.P. 24(b).

Forman, Circuit Judge, dissented.

Abraham J. Nydick, New York City, Wilentz, Goldman & Spitzer, Perth Amboy, N. J., for appellant.

Arthur G. Connolly, Connolly, Bove & Lodge, Wilmington, Del., James R. E. Ozias, McCarter & English, Newark, N. J., Arthur G. Connolly, Thomas S. Lodge, F. L. Peter Stone, Connolly, Bove & Lodge, Wilmington, Del., of counsel, for appellee.

Before BIGGS, Chief Judge, and FORMAN and SMITH, Circuit Judges.

BIGGS, Chief Judge.

The court below denied a motion by the defendant-appellant, Continental Vitamin Corp., to enjoin the plaintiff-appellee, Chas. Pfizer & Co., Inc., *inter alia,* from proceeding with the prosecution of a civil suit instituted by the plaintiff against Barry-Martin Pharmaceuticals, Inc., in the United States District Court for the Southern District of Florida, Miami Division, viz., Civil Action 64-175-Civ.-E.C. The order of the court below, therefore, was the equivalent of the denial of an injunction and permits the Florida suit to be proceeded with. An examination of the record demonstrates that the court below did not ad-

here to the provisions of Rule 52(a), Fed.R.Civ.Proc., 28 U.S.C.

Rule 52(a) provides in pertinent part that, "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

We have repeatedly called the attention of the trial courts of this circuit to the necessity for complying with the provisions of Rule 52(a). In Hook v. Hook & Ackerman, Inc., 213 F.2d 122, 130 (3 Cir. 1954), we stated: "We cannot tell, however, from the memorandum opinion of the court below on what ground it granted the writ of permanent injunction. It made no findings of fact and we are unable to tell whether or not it extended the scope of the injunction in the light of the principle enunciated in National Hairdressers and Cosmetologists Ass'n, Inc. v. Philad Co., supra [41 F.Supp. 701 (D.Del.), aff'd 129 F.2d 1020 (3 Cir. 1942)]. Rule 52(a), F.R.C.P., requires the district court to 'find the facts specially and state separately its conclusions of law thereon' in two specified situations: 'In all actions tried upon the facts without a jury or with an advisory jury' and 'in granting or refusing interlocutory injunctions'. A permanent injunction, when issues of fact determine whether or not it should be granted, comes within the quoted scope of Rule 52." In Lam Man Chi v. Bouchard, 314 F.2d 664, 674 (3 Cir. 1963), we stated: "On prior occasions we have called attention to the provisions of Rule 52(a), Fed.R.Civ.Proc., 28 U.S.C.A., as to the requirement that the trial court make fair and adequate findings of fact and

conclusions of law. This has not been done in the case at bar." See also Cuneo v. Local No. 825, Internat'l Union of Operating Eng., 300 F.2d 832, 833 (3 Cir. 1962) wherein there was an oral opinion. In footnote 3 cited to the text in our opinion in that case we said: "It is regrettable that the District Court did not, as required by Rule 52(a), Fed.Rules Civ.Proc. 'find the facts specially and state separately its conclusions of law thereon.'"

See in particular Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774 (1940) and the very pertinent statements of Mr. Justice Roberts at 316, 60 S.Ct. at 520. See also Interstate Commerce Commission v. Cardinale Trucking Corp., 308 F.2d 435 (3 Cir. 1962); Sims v. Greene, 161 F.2d 87 (3 Cir. 1947); Tribune Review Publishing Co. v. Thomas, 153 F.Supp. 486 (W.D.Pa.1957), aff'd 254 F.2d 883 (3 Cir. 1958).

In view of the foregoing we are constrained to vacate the judgment and remand the case to the court below to the end that it may make findings of fact and conclusions of law as required by Rule 52(a).

FORMAN, Circuit Judge (dissenting).

I agree that ordinarily findings of fact and conclusions of law are a strict requirement under Federal Rule of Civil Procedure 52(a), but in this case questions of harassment, bad faith and irreparable injury are to be judged on clear and uncontroverted facts, the ultimate issue being restricted to the narrow question of law as posed by the appellant itself:

"* * * [W]as not the denial of the motion to stay the Florida action an abuse of discretion, against the public interest, and inequitable to the New Jersey defendant in burdening him with the inconvenience and expense of proceeding to trial * * in the Florida forum?"

As the facts, though not found specially, clearly emerge from the record, and the grounds advanced for the injunction are constricted and plainly insufficient, formal findings of fact and conclusions of law are not an essential aid to the court and the strict requirement therefor may, in this case, be waived. See Douds v. Local 1250, Retail Wholesale Dept. Store Union, 170 F.2d 695 699 (2 Cir. 1948); I. C. C. v. Cardinale Trucking Corporation, 308 F.2d 435, 437 (3 Cir. 1962). Finding no abuse of discretion by the District Court in denying the motion for an injunction I would affirm its action.