MICHIGAN EMPLOYMENT RELATIONS COMMISSION *v*
DETROIT SYMPHONY ORCHESTRA, INC

LABOR RELATIONS—MICHIGAN EMPLOYMENT RELATIONS COMMISSION—
APPEAL AND ERROR—COURTS—JURISDICTION—CONSTITUTIONAL LAW
—STATUTES.
  A petition for enforcement of its order filed by the Michigan
  Employment Relations Commission with the Michigan Court
  of Appeals pursuant to statute is not an appeal or rightfully
  treated as an appeal; it is in specific essence an original
  proceeding in the Court of Appeals, made so by legislation
  which lawfully conferred such original jurisdiction upon the
  Court of Appeals and by virtue of its original importance,
  it deserves a compendious if not formal opinion of the legis-
  latively appointed court of original jurisdiction (Const 1963,
  art 6, § 10; MCLA 423.23[e]).

Appeal from Court of Appeals, Division 1, Lesin-
ski, P. J., and Levin and O'Hara, JJ., denying peti-
tion for order of enforcement and dismissing motion
to intervene. Submitted January 6, 1972. (Nos.
11, 12, January Term 1972, Docket Nos. 53,338,
53,344.) Decided May 4, 1972.

Petition in the Court of Appeals by Michigan
Employment Relations Commission for enforcement
of its order against Detroit Symphony Orchestra.
Allen H. Chase moved to intervene as a party
plaintiff. Petition denied and motion to intervene
dismissed. Plaintiff and intervenor appeal. Motion
to intervene granted and petition remanded to Court

REFERENCE FOR POINTS IN HEADNOTE
20 Am Jur 2d, Courts § 12 *et seq.*

of Appeals for further consideration, for an opinion, and a new judgment.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *James D. Tracey* and *Brian M. Smith*), for defendant.

*Kelman, Loria, Downing & Schneider,* for intervenor.

*Amicus Curiae: Stephen I. Schlossberg, John A. Fillion, Jordan Rossen,* and *Stanley Lubin,* for International Union, UAW.

Per Curiam.    The issue brought here by our order of June 15, 1971 (385 Mich 755) turns upon constructional reading and proper application of section 423.23(e) of the labor mediation act, 1939 PA 176 (MCLA 423.1; MSA 17.454[1]).    Section 423.23(e) reads:

"The board may petition the court of appeals for the enforcement of the order and for appropriate temporary relief or restraining order, and shall file in the court the record in the proceedings. Upon the filing of the petition, the court shall cause notice thereof to be served upon the person, and thereupon shall have jurisdiction of the proceeding and shall grant such temporary or permanent relief or restraining order as it deems just and proper, enforcing, modifying, enforcing as so modified, or setting aside in whole or in part the order of the board.    No objection that has not been urged before the board, its member or agent, shall be considered by the court, unless the failure or neglect to urge

426 MICH 424 [May

the objection is excused because of extraordinary circumstances. The findings of the board with respect to questions of fact if supported by competent, material and substantial evidence on the record considered as a whole shall be conclusive. If either party applies to the court for leave to present additional evidence and shows to the satisfaction of the court that the additional evidence is material and that there were reasonable grounds for the failure to present it in the hearing before the board, its member or agent, the court may order the additional evidence to be taken before the board, its member or agent, and to be made a part of the record. The board may modify its findings as to the facts, or make new findings, by reason of additional evidence so taken and filed, and it shall file the modifying or new findings, which findings with respect to questions of fact if supported by competent, material and substantial evidence on the record considered as a whole shall be conclusive, and shall file its recommendations, if any, for the modification or setting aside of its original order. Upon the filing of the record with it the jurisdiction of the court shall be exclusive and its judgment and decree shall be final, except that the same shall be subject to review by the supreme court in accordance with the general court rules."*

To understand the issue one must examine together: (a) the unreported order of Division 1 of the Court of Appeals, denying appellant MERC's petition for enforcement of its January 9, 1970 order against appellee Detroit Symphony Orchestra, Inc ("by directing the respondent herein [Detroit Symphony] to reinstate Allen H. Chase with back pay and to fulfill its other requirements."), and (b) the unreported dissent of participating Judge LEVIN.

The order of Division 1 is summary in form:

---

* The section as it reads now was affected by the amendment of 1965 (No 282).

"In this cause a petition for order of enforcement of an order of the Michigan Employment Relations Commission having been filed pursuant to MCLA § 423.23 (Stat Ann 1968 Rev § 17.454[25]), by the State Attorney General, and a motion to intervene in support of the petition having been filed by the plaintiff, Allen H. Chase, and an answer in opposition to the petition having been filed by the defendant, Detroit Symphony Orchestra, Inc., and due consideration thereof having been had by the Court,

"It is ordered that the petition for order of enforcement be, and the same is hereby, denied for the reason that the findings of fact of the Michigan Employment Relations Commission Board are not supported by substantial evidence contrary to the statutory requirement of MCLA § 423.23 (Stat Ann 1968 Rev § 17.454[25]), and art 6, § 28 of the Michigan Constitution of 1963, and

"It is further ordered that the motion to intervene be, and the same is hereby, dismissed as moot."

Judge LEVIN's dissent is more lengthy. Addressed not to the merits but to an internal practice of the Court of Appeals, which he says has "just 'grow'd' ", the Judge objects to treatment of petitions for enforcement under section 423.23(e) "as applications for leave to appeal." Pointing further to his Court's related practice of handling applications for leave "as motions", the Judge proceeds:

"In my opinion, this motion cannot properly be decided without the judges themselves reading the record and transcripts. Since the record and transcript did not accompany the papers submitted to us, I asked the clerk's office to supply them and this was promptly done. They arrived on my desk on Tuesday, March 9, 1971. I was then sitting on calendared cases; the hearings concluded the following day.

"I write this on Thursday, March 11, 1971. The transcript has 360 pages; the documentary exhibits

are relatively lengthy, the decision and order of the commission is 18 pages long, and there are other lengthy documents in the record. In view of the size of the task which confronts me and the pressure of other work, it is pointless now to painstakingly examine the volumes to decide whether I will cast a concurring or dissenting vote.

"Parenthetically, it is important to note that it is expected that motions will be decided, if at all possible, within a few days after a submission and holding a case for further consideration is frowned upon.

"It is idle to suggest that we give cases submitted as a motion or as an application for leave to appeal the same consideration that we give calendared cases where the parties have an opportunity for oral argument and conferences after argument are routine. The obligation to write an opinion on calendared cases restrains and disciplines our inquiry and disposition."

We agree with Judge Levin's declaration that his Court's "present decisional process in MERC cases is unsound.", but not (except in part) for the reasons given by him. Our holding is that a petition for enforcement filed by MERC pursuant to section 423.23(e) is not an appeal or rightfully treated as an appeal; that it is in specific essence an original proceeding in the Court of Appeals, made so by legislation which lawfully conferred such original jurisdiction upon the Court of Appeals (Const 1963, art 6, § 10).

When such a proceeding has been decided by the Court of Appeals, and is made subject to review by this Supreme Court as in section 423.23(e) provided, the decision of the Court of Appeals—either to enforce, modify, or refuse enforcement—has not been made on appeal to that Court. Nor is it treatable as an appeal. It starts in the Court having

jurisdiction to entertain it in the first instance, which is the Court of Appeals. By virtue of its original importance, it deserves as suggested in the cases cited below a compendious if not formal opinion of the legislatively appointed court of original jurisdiction. The need for such an opinion is apparent, for as said in one of the earlier Supreme Court cases (*Virginian R Co* v *United States,* 272 US 658, 675; 47 S Ct 222; 71 L Ed 463, 472 [1926]):

"The failure to accompany the decree by an opinion may thus deprive litigants of the means of exercising a sound judgment on the propriety of an appeal. And the appellate court, being without knowledge of the grounds of the decision below, is denied an important aid in the consideration of the case, and will ordinarily be subjected to much unnecessary labor."

Subsequent decisions of the Supreme Court, delivered to the same point, will be found in *Public Service Commission of Wisconsin* v *Wisconsin Telephone Co,* 289 US 67, 69, 70, 71; 53 S Ct 519; 77 L Ed 1036, 1038 (1933). One of the cases cited is *Railroad Commission of Wisconsin* v *Maxcy,* 281 US 82; 50 S Ct 228; 74 L Ed 717, 718 (1930). The concluding paragraphs of *Maxcy* proceed:

"In the present instance this Court should have the aid of appropriate findings by the District Court of the facts which underlie its conclusions.

"The decree is set aside, and the cause is remanded to the District Court, specially constituted as provided by the statute, to state its findings of fact and conclusions of law and enter a decree thereon, the restraining order entered in this suit to be continued pending further action by the District Court."

Noting from Judge LEVIN's dissent that the practice dealt with in his opinion "was never submitted to the Court for formal adoption and, thus, the

judges of the Court have not had an opportunity to vote for or against it", and cognizant that the procedural handling of such special statutory matters in the Court of Appeals stands both unsettled and mooted, we remand for further consideration of appellant's statutory petition and for preparation of an opinion comporting substantially with foregoing view of what is due when an original matter is instituted in the Court of Appeals. Following preparation and filing of its opinion the Court of Appeals will enter a new judgment, granting or denying enforcement as it "deems just and proper" under the statute, which new judgment will supersede the Court's present order of March 19, 1971.

Mr. Chase's motion for leave to intervene will be granted. Any party in interest may if desired apply to this Court for leave to review such new judgment.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.